### MILLER v. FISCHER.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. CUSTOMS AND USAGES (§ 13*)—APPLICATION TO CONTRACTS.

Parties to a contract are presumed to contract with reference to a uniform, continuous, and well-settled custom pertaining to the subject-matter of the contract, where the custom is not in opposition to well-settled principles of law, and is not unreasonable and not in contradiction of the express terms of the contract, oral or in writing.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 25, 26; Dec. Dig. § 13.*]

2. CUSTOMS AND USAGES (§§ 13, 19*)—APPLICATION TO CONTRACTS.

A contract between a canal boatman and an ice dealer, stipulating for the payment by the dealer of a specified sum for a boat load of ice delivered at a particular place, is presumptively made with reference to the custom relating to the particular business of carrying ice; but where a custom applied only to a particular locality a party relying on it must show its existence, and that the adverse party had knowledge thereof.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 25, 26, 41; Dec. Dig. §§ 13, 19.*]

3. CUSTOMS AND USAGES (§ 21*)—APPLICATION TO CONTRACTS.

Whether a custom relating to a particular business existed, and whether a party to a contract relating to the business, had knowledge of it, and contracted with reference to it, held for the jury.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 47; Dec. Dig. § 21.*]

Appeal from Ulster County Court.

Action by Theodore Miller against John A. Fischer. From a judgment for plaintiff, rendered on a verdict of the jury by direction of the court, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

William D. Brinnier, for appellant.
Andrew J. Cook, for respondent.

HOUGHTON, J. The plaintiff is a canal boatman, and in December, 1908, was using his boat for carrying coal at Astoria, N. Y. On the 19th of that month he telegraphed the defendant, who was engaged in the ice business at Rondout, asking for the best price of a load of ice to New York City. The defendant answered by telegram on the 21st, saying that for a good boat with hatches he would pay $100 for a load delivered in New York, requesting an answer. The plaintiff claims that he answered by postal, which the defendant says he never received, saying that he had a good boat, that he accepted the offer, and would bring his boat up as soon as he could. On the

31st he sent another postal saying that he was leaving for Rondout that night and requesting defendant to provide a place for the boat on arrival. This postal the defendant did receive and did provide a place for the mooring of the plaintiff's boat in Rondout creek. Shortly after, the defendant fitted up the plaintiff's boat with runs for the loading of ice when it should form in the creek. The defendant claims that merchantable ice did not form that winter and plaintiff's boat was not loaded, and about the 1st of March hope of merchantable ice forming was abandoned and the plaintiff demanded his pay, which the defendant refused. Whereupon this action was brought in the City Court of Kingston for the stipulated $100 as damages, and resulted in a judgment for the defendant. The plaintiff took an appeal to the County Court of Ulster county demanding a new trial, which resulted in a direction of verdict by the court for plaintiff, and from such judgment the defendant appeals to this court. The defendant's contention on the trial was that there was a custom amongst boatmen and ice dealers in that locality, known to the plaintiff, to the effect that boats engaged for the transporting of ice should not be paid for unless ice should form of sufficient thickness to be marketable. The learned trial court ruled that the contract was specific and that proof of custom was immaterial.

We are of opinion this was error. Assuming that the telegrams and writings which passed between the parties constituted a binding written contract, still the terms are not so specific that it can be said as matter of law that it was not made with reference to a well-known and uniform custom of the business. Parties are presumed to contract in reference to a uniform, continuous, and well-settled usage or custom pertaining to the matters as to which they enter into agreement, where such usage is not in opposition to well-settled principles of law, and is not unreasonable, and not in contradiction of the express terms of the contract, whether such contract be written or oral. Walls v. Bailey, 49 N. Y. 464, 10 Am. Rep. 407; Rickerson v. Hartford Fire Insurance Co., 149 N. Y. 307, 43 N. E. 856; Schipper v. Milton, 51 App. Div. 522, 64 N. Y. Supp. 935. The custom which the defendant claimed did exist related to the particular business of carrying natural ice and applied only to a particular locality and it was necessary to show that the plaintiff had knowledge of its existence, which the defendant attempted to do and made prima facie proof thereof. Of course parties can specifically contract irrespective of a well-known custom prevailing in the business to which the contract relates; but when they do not so specifically contract they are presumed to contract with reference to such custom, and its terms are read into the contract, not as varying its terms but as amplifying them. Whether such custom existed and whether the plaintiff had knowledge of it, and therefore contracted with reference to it are questions of fact which should have been submitted to the jury. The direction of verdict against the defendant was therefore erroneous and must be reversed.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event. All concur.