## MOINESTER v. WILSON & CO., Inc.

District Court, S. D. New York.

Dec. 13, 1940.

**34**

Louis J. Gribetz, of New York City (Lester Lyons, of New York City, of counsel), for plaintiff.

Vernon F. Murphy, of New York City (Alexander K. Gembick, of Chicago, Ill., of counsel), for defendant.

MOSCOWITZ, District Judge.

Uri Moinester, plaintiff, a citizen of New York, is suing the defendant, Wilson & Co., Inc., a Delaware corporation, for breach of contract. Plaintiff was employed in the defendant's kosher meat slaughtering department at its New York City plant in 1929 as an assistant in the preparation and handling of defendant's products. His duties were to affix the seals to the tongues of the carcasses, indicating that they are kosher. Jacob Alexander, head of this department, employed the plaintiff.

Plaintiff claims that his employment was for life under an oral agreement between defendant and plaintiff based upon alleged Orthodox Hebrew religious laws, its customs and usages.

On or about January 18, 1937 the plaintiff was discharged by defendant, and plaintiff is now suing defendant for $50,000; his weekly wage was $36.

The question presented for determination is, whether the defendant, an employer, who has a kosher meat department and employed plaintiff as an assistant in this department is bound by alleged custom and usage of Hebrew laws which gives the employee life employment.

█ "A custom, in order to become a part of a contract, must be so far established and so far known to the parties, that it must be supposed that their contract was made in reference to it. * * * must be * * * known to the parties." Sipperly v. Stewart, N. Y., 50 Barb. 62.

"Such custom must be shown to have been known to the parties when the contract was made, and to have been so generally known as to raise a presumption that the parties had it in mind at the time of the execution of the contract." Robinson v. New York & T. S. S. Co., 63 App.Div. 211, 71 N.Y.S. 424, 429.

Dr. William Payson Richardson, Dean of the Brooklyn Law School, a distinguished writer and Professor of the law, in his well-considered work, Richardson On Contracts, 4th Ed., § 357, dealing with the subject of usage and custom, stated: "Where the contract involves a local usage or the usage of a particular trade or profession, the defendant may show that he had no knowledge of the existence of such usage, and thus defeat the presumption that he contracted with reference to it." See Walls v. Bailey, 49 N.Y. 464, 10 Am.Rep. 407; Miller v. Fischer, 142 App.Div. 172, 126 N.Y.S. 996.

█ A contract for life employment is one of great importance and in order for the defendant corporation to grant such a contract it should be made by competent officers of the corporation and not by Alexander who had no such authority.

█ Hebraic law is not binding on the defendant corporation because of its lack of knowledge and information as to these laws. When the contract was made the defendant corporation had no intent to contract according to the Hebraic laws.

█ Assuming that there was such a custom as claimed by the plaintiff (although no proof of such custom has been received and the Court is not finding that there was such a custom), such custom would not be binding upon the defendant unless it was called to the attention of the officer or officers of the defendant who had authority to bind it to the contract and, certainly, even if Alexander, who was an inferior employee of the defendant and who employed the plaintiff, knew of such custom, that would not bind the defendant. A custom involving a contract for life employment is of such unusual and extraordinary character that a great burden is placed upon the plaintiff to establish it. It must be shown that the corporation, with knowledge of the custom, intended to enter into a life contract. No such proof has been offered in this case. Complaint dismissed.

This opinion merely amplifies the reasons given upon the trial for the dismissal of the complaint.