Fawcett, Appellant, *v.* Monongahela Railway Company.

Argued October 2, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Frederic G. Weir,* with him *Thomas Park Shearer, Calvin K. Prine* and *Oliver, Brandon & Shearer,* for appellant.

*Bruce R. Martin,* with him *Pringle, Bredin & Martin,* for appellee.

OPINION BY MR. JUSTICE BELL, January 16, 1958:

Plaintiff filed a complaint in assumpsit claiming $50,000 damages for lost wages and other benefits as a result of an unlawful discharge. Defendant filed preliminary objections. The lower Court sustained the preliminary objections with leave to plaintiff to amend within 30 days. Plaintiff filed an amendment to the complaint; defendant filed preliminary objections to plaintiff's complaint as amended; the Court sustained the objections.

Plaintiff, a yardmaster for defendant Company, was dismissed on January 16, 1956 after a hearing because he was "found guilty of conduct unbecoming to an employee", to wit, he had "permitted another employee who was off duty and intoxicated to bring alcoholic beverages on Company property in plaintiff's charge, and also permitting the same employee to bring a female on Company property in plaintiff's charge for immoral purposes." Plaintiff was advised by the Company, before the hearing, of the date, place and time at which these breaches of duty occurred. He was a member of the Brotherhood of Railroad Trainmen who appeared (in his behalf) with him at the hearing.

The parties and the Court below seemed to feel that the basic question was whether plaintiff had a right to seniority. There is no natural or vested right to seniority. Seniority arises only as a result of a contract express, or clearly implied: *Madera v. Monongahela Rwy. Co.*, 356 Pa. 460, 52 A. 2d 329; *Polanskey v. Monongahela R.R. Co.*, 342 Pa. 188, 19 A. 2d 377.

The lower Court found there was no contract for seniority, and even if there had been it would not prevent employer from discharging employee. However, the Court below overlooked the fact that plaintiff, in his amendment to his original complaint, averred: "Said employment contract between the plaintiff and defendant was oral in nature and the plaintiff does not recall the person employing him on behalf of the defendant, but avers that such hiring was done on or about October 16, 1939, as a member of the Group No. 2 Roster, and *it was then and there agreed between the parties that his seniority should begin to accrue on such roster from that date.*"* Plaintiff then averred a similar oral agreement when he was promoted from Group No. 1 to Group No. 2, and when he was promoted on June 5, 1953 to the Yard Masters Roster. Plaintiff attached as exhibits to his amended complaint rosters of employees with his name thereon, one of whose headings was "Seniority Standing". These averments, being averments of fact, are admitted by the preliminary objections, although plaintiff should have averred the position which the person who employed him occupied, especially since he could not recall his name, and that that person had authority from the defendant to promise and agree to seniority.

In *Gardner v. Allegheny County*, 382 Pa. 88, 114 A. 2d 491, the Court said (page 94): "Defendants by their

---

* Italics throughout, ours.

'preliminary objections admit as true all facts which are averred in the bill of complaint but not the pleaders' conclusions or averments of law': Narehood v. Pearson, 374 Pa. 299, 302, 96 A. 2d 895. Moreover, when the sustaining of defendants' preliminary objections will result in a denial of plaintiffs' claim, or a dismissal of plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt: London v. Kingsley, 368 Pa. 109, 81 A. 2d 870; Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 776."

Plaintiff also alleged "that the actions of defendant as hereinbefore set forth constitute a wrongful discharge from employment without just cause in fact or in law and in breach of the employment contract between plaintiff and defendant." This allegation or averment amounted to a conclusion or averment of law, and therefore was not admitted by defendant's preliminary objections.

It is not clear from plaintiff's complaint and amended complaint whether he claims seniority under an oral contract *made by him* with an employee of the defendant, or whether the seniority arose as a result of an oral agreement or a written collective bargaining agreement between the employer and the Union acting in plaintiff's behalf. These facts are very important because of defendant's contention (a) that a Court of Common Pleas does not have jurisdiction of this suit, and (b) that the jurisdiction is under and limited to the Railway Labor Act, and (c) that plaintiff is clearly barred from bringing the present suit under the provisions of that Act, and under the relevant provisions of the Union's collective bargaining agreement.

Disputes, grievances and claims arising between the railroad and its employees are required by the Yard Masters' (written) Agreement to be presented to

the National Railroad Adjustment Board. However, in *Transcontinental Air v. Koppal*, 345 U. S. 653, the Court said (pages 660, 661) : "The important point is that while the employment contract conforms to the policy of the Railway Labor Act and the Act provides a procedure for handling grievances so as to avoid litigation and interruptions of service, the Act does not deprive an employee of his right to sue his employer for an unlawful discharge if the employee chooses to do so.

" '[W]e find nothing in that [Railway Labor] Act which purports to take away from the courts the jurisdiction to determine a controversy over a wrongful discharge or to make an administrative finding a prerequisite to filing a suit in court. . . . The District Court and the Circuit Court of Appeals properly decided that petitioner was not required by the Railway Labor Act to seek adjustment of his controversy with the railroad as a prerequisite to suit for wrongful discharge.' Moore v. Illinois Central R. Co., 312 U.S. 630, 634, 636.

"We amplified the foregoing statement in Slocum v. Delaware, L. & W. R. Co., 339 U. S. 239, 244, as follows: 'Moore [in 312 U. S. 630] was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking reinstatement and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases. . . .'

"The result is that, whereas, under the Railway Labor Act, the Adjustment Board has exclusive jurisdiction to adjust grievances and jurisdictional disputes of the type involved in the Slocum case, that

Board does not have like exclusive jurisdiction over the claim of an employee that he has been unlawfully discharged. Such employee may proceed either in accordance with the administrative procedures prescribed in his employment contract or he may resort to his action at law for alleged unlawful discharge if the state courts recognize such a claim."

In the absence of an agreement for a fixed period of time, a hiring is a hiring at will and gives no right of seniority. Under such a contract of hiring, either party may terminate the contract at will at any time: *Lubrecht v. Laurel Stripping Co.*, 387 Pa. 393, 127 A. 2d 687; *Trainer v. Laird*, 320 Pa., supra; *Jones v. Pittsburgh Mercantile Co.*, 295 Pa. 219, 145 A. 80. Even if plaintiff's oral contract of employment provided for seniority, the Company would still be entitled to discharge plaintiff for just cause. Cf. *Transcontinental and Western Air, Inc. v. Koppal*, 345 U. S., supra; *McMullans v. Kansas, Oklahoma and Gulf Railway Co.*, 229 F. 2d 50, 53; *Jorgensen v. Pennsylvania Railroad Co.*, 38 N. J. Super. 317, 118 A. 2d 854; *Carrow v. Philadelphia*, 371 Pa. 255, 89 A. 2d 496.

We believe in the interest of justice that the case should be remanded to the lower Court with directions to enter an order giving plaintiff leave to file a more specific complaint, and directing him to state all relevant *facts* including *facts* concerning all matters hereinabove discussed, in order that the issues which will inevitably arise in this case may be squarely decided by the Court with a full and clear record of facts before it.

Judgment reversed with a procedendo.

Mr. Chief Justice JONES and Mr. Justice CHIDSEY would affirm the judgment.