## Wagner v. International Brotherhood of Electricians, Local No. 1305

Before McNaugher, P. J., Kennedy and Cercone, JJ.

*Harry Alan Sherman,* for plaintiff.

*Loyal H. Gregg, Richard R. Lyman* and *James R. Orr,* for defendants.

CERCONE, J., February 24, 1958. — This matter comes before the court en banc on defendants' preliminary objections to plaintiff's complaint in equity.

Plaintiff was employed as an electrician by defendant railroad, and was also a member of defendant International Brotherhood of Electricians, Local 1305, an unincorporated union. Defendants were parties to a union shop labor relations contract under which the employment rights of plaintiff and other members of said union were defined. Under the contract, employes of defendant railroad were required to keep their dues paid up as a condition for continuing employment with defendant railroad.

On notice by the union to the railroad that plaintiff had failed to maintain his financial standing, plaintiff was dismissed from his employment. By this action in equity, plaintiff originally sought mandatory injunctive relief compelling his reinstatement to membership in defendant union, restoration of a job with defendant railroad, monetary relief for lost earnings resulting from the termination of his employment, additional damages for unspecified "inconvenience, loss of opportunities and advantages" and costs of these proceedings. Prior to the hearing on the preliminary objections filed by both defendants, plaintiff filed an amendment to his complaint abandoning that portion of his action seeking reinstatement to his position with the railroad, and leaving the complaint otherwise unchanged.

Defendants contend in their preliminary objections that the court lacks jurisdiction of the said matter by reason of the Act of Congress known as the Railway Labor Act of May 20, 1926, 44 Stat. 577, 45 U. S. C. A. §151, et seq, whereby the National Railroad Adjustment Board is vested with exclusive jurisdiction of disputes concerning the interpretation and application of collective bargaining agreements in the railroad industry, including such claims as asserted here by plaintiff. The preliminary objections also call the court's attention to plaintiff's failure to plead a sufficient cause of action.

Plaintiff, in abandoning his claim for reinstatement of his job, apparently proceeds on the theory that he has a right to be heard in this court for damages arising out of wrongful discharge, together with other rights flowing out of his claim for reinstatement to membership in the union.

The recent case of Fawcett v. Monongahela Railway Company, 391 Pa. 134 (1958), throws sufficient light upon the instant case to enable the court to decide the

question of jurisdiction. In the Fawcett case plaintiff, a yardmaster for defendant company, was dismissed after a hearing because he was found guilty of conduct unbecoming an employe. Plaintiff brought an action in assumpsit claiming damages for lost wages and benefits as a result of the unlawful discharge. Defendant company contended on preliminary objections that the court did not have jurisdiction of the cause, and that jurisdiction was under and limited to the Railway Labor Act. The lower court sustained the preliminary objections. The Supreme Court reversed the lower court, and in so doing quoted the case of Transcontinental & Western Air, Inc., v. Koppal, 345 U. S. 653, at 660-661, where the court stated:

"The important point is that while the employment contract conforms to the policy of the Railway Labor Act and the Act provides a procedure for handling grievances so as to avoid litigation and interruptions of service, the Act does not deprive an employee of his right to sue his employer for an unlawful discharge if the employee chooses to do so.

" '(W)e find nothing in that (Railway Labor) Act which purports to take away from the courts the jurisdiction to determine a controversy over a wrongful discharge or to make an administrative finding a prerequisite to filing a suit in court. . . The District Court and the Circuit Court of Appeals properly decided that petitioner was not required by the Railway Labor Act to seek adjustment of his controversy with the railroad as a prerequisite to suit for wrongful discharge.' Moore v. Illinois Central R. Co. 312 U. S. 630, 634, 636.

"We amplified the foregoing statement in Slocum v. Delaware, L. & W. R. Co., 339 U. S. 239, 244, as follows: 'Moore (in 312 U. S. 630) was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking reinstatement

and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases. . . .'

"The result is that, whereas, under the Railway Labor Act, the Adjustment Board has exclusive jurisdiction to adjust grievances and jurisdictional disputes of the type involved in the Slocum case, that Board does not have like exclusive jurisdiction over the claim of an employee that he has been unlawfully discharged. Such employee may proceed either in accordance with the administrative procedures prescribed in his employment contract or he may resort to his action at law for alleged unlawful discharge if the state courts recognize such a claim."

Under the principle set forth in the Fawcett case, if plaintiff is seeking money damages for wrongful discharge from his job as electrician with the railroad, he should pursue his claim in a court of law and not in a court of equity, unless equity takes jurisdiction on other matters involved in the case. However, in considering the other matter involved here we find that plaintiff is seeking reinstatement into the union, as a result of which it becomes necessary to interpret his right under the agreement between defendant railroad and defendant union. In this situation this case comes directly within the decision set forth in the case of Slocum v. Delaware, L. & W. R. Co., 339 U. S. 239, holding that disputes, grievances and claims of employes arising out of agreements drawn in consonance with the Railway Labor Act must be presented before the National Railroad Adjustment Board.

The case of Moore v. Illinois Central Railroad Co., 312 U. S. 630, on which plaintiff depends, is of no assistance to him in this particular case, for it sets forth

rather clearly that where a person is seeking money damages for wrongful discharge his course of action must be pursued in a court of law, and not in a court of equity.

Since this court has no jurisdiction either to determine damages for wrongful discharge, if any, or to decide the right of reinstatement into the union, it is not necessary for the court to consider defendants' contention that plaintiff's complaint did not set forth sufficiently a valid cause of action, although it might be said that plaintiff did fail entirely in many respects in this regard, namely, in failing to plead any contract guaranteeing him against discharge or making his employment other than at will, in failing to allege exhaustion of the grievance machinery of his employment contract, in failing to plead the constitution and bylaws of the union in question, or any other source of a right to retain membership in the union, or to be reinstated therein, in failing to plead any reason why his remedies at law are inadequate to compensate him for the losses asserted and in failing to plead any property rights, the protection of which would require his restoration to such membership. The court is therefore of the opinion that at this point it has no jurisdiction in this matter, and that plaintiff, insofar as his claim of reinstatement into the union is concerned, must pursue his claim in the form of a proceeding before the National Railroad Adjustment Board, and insofar as his claim for wrongful discharge is concerned, must pursue his claim of right before a court of law.

Since plaintiff's remaining prayers for relief flow out of the matter of jurisdiction on the questions of wrongful discharge and reinstatement, they, too, must be resolved in the proceedings suggested above.

In view of the foregoing, defendants' preliminary objections will be sustained.

494

*Order*

And now, February 24, 1958, after argument before the court en banc, defendants' preliminary objections to plaintiff's complaint in equity are sustained, and the complaint is dismissed, without prejudice.

Eo die, exception noted to plaintiff and bill sealed.