## Haldeman v. Mercer

*Samuel J. Halpern*, for plaintiff.
*John J. Duffy*, for defendants.

KURTZ, J., March 1, 1963.—In the complaint filed in this case, plaintiff avers that on June 29, 1960, a truck which he was operating in a northerly direction on Grove Road, West Goshen Township, this county, came into collision with an automobile being operated by defendant, Mercer, in an easterly direction on Sunset Hollow Road and that he was injured in that collision.

He has sued for the personal injuries he suffered, the defendants named being the said Mercer, her alleged principals and Evan B. and Lucretia Jenkins. Concern-

ing the Jenkinses, he avers that they were the owners of the land adjacent to the highway upon which Mercer was driving "and upon which a sign was erected by the township warning of the approach to the intersection." He further avers that the said Jenkinses "had negligently permitted the overgrowth and foliage from their land to cover the said sign and obscure the vision of motorists approaching the intersection of the presence of the intersection." Specifically the negligence of the Jenkinses is averred to consist of the following:

"(a) failure to properly trim the foliage and overgrowth on their property in the area of the stop sign.

"(b) permitting the foliage and overgrowth to accumulate in such abundance as to obscure the vision of drivers proceeding on Sunset Hollow Road;

"(c) failure to warn."

The cause of the accident is alleged to be the joint and several negligence of all defendants. The Jenkinses have filed preliminary objections to the complaint. They consist of a demurrer and in the alternative a motion for a more specific complaint. We shall consider the demurrer.

By their preliminary objections, defendants admit as true all facts which are averred in the complaint but not its conclusions or averments of law: Robinson v. Philadelphia, 400 Pa. 80 (1960); Fawcett v. Monongahela Railway Company, 391 Pa. 134 (1958); Gardner v. Allegheny County, 382 Pa. 88 (1955). Such objections should be sustained only in cases which are clear and free from doubt: Robinson v. Philadelphia, supra; London v. Kingsley, 368 Pa. 109 (1951); Waldman v. Shoemaker, 367 Pa. 587 (1951).

The facts here admitted are as follows: On the day aforesaid, plaintiff was operating a truck in a northerly direction on Grove Road and defendant, Mercer, was operating an automobile in an easterly direction on Sunset Hollow Road. The two vehicles being so operated

came into collision. A stop sign had been erected by the township at said intersection on Sunset Hollow Road. Defendants, the Jenkinses, own and occupy land adjacent to said Sunset Hollow Road upon which the sign was erected. They permitted overgrowth and foliage from their land to cover the sign and obscure the vision of motorists approaching the intersection on Sunset Hollow Road of its presence. Plaintiff was injured in the collision.

Does this recitation of facts constitute the statement of a cause of action against the Jenkinses?

The Restatement, Torts, §363, provides as follows:

"Neither a possessor of land, nor a lessor, vendor or other transferor thereof, is subject to liability for bodily harm caused to others outside the land by a natural condition of the land other than trees growing near a highway."

In the comment to that section it is stated that the term "natural condition of the land" is used to indicate that the condition of the land has not been changed by any act of a human being, whether the possessor himself, or a third person, either with or without the possessor's consent, and further that it includes the natural growth of trees, weeds and other vegetation upon the land not artificially made receptive thereto.

Section 364 of the same work provides:

"A possessor of land is subject to liability for bodily harm caused to others outside the land by a structure or other artificial condition thereon, which the possessor realizes or should realize as involving an unreasonable risk of such harm, if . . . (c) the condition is created by a third person without the possessor's consent or acquiescence, but reasonable care is not taken to make the condition safe after the possessor knows or should know of it. . . ."

It will be noted that under the provisions of the section last quoted the possessor of land is liable to others outside of it only if harm is caused by a "structure or other artificial condition" on the land. Unless the stop sign here alleged to have been obscured is either a "structure or other artificial condition" on defendants' land, no liability can be imposed upon them.

The Restatement does not define the term "structure." Those Pennsylvania cases which we have found which have to do with the definition of that word all deal with the interpretation of zoning ordinances. However, in those cases where liability has been imposed upon the possessor of land for harm caused to others outside of it, the structure involved consisted of a building or an attachment thereto, such as a sign over the entrance to a moving picture theater, as in Sakach v. Antonoplos, 298 Pa. 130 (1929), or an installation such as a dam or fence which required construction or building on the part of the person responsible for its existence. From this we conclude that the "structure" upon land, the negligent maintenance of which will impose liability upon its possessor in favor of those outside of it consists of an erection which is or may be employed in the utilization of the land itself. In our view, since this stop sign was not so used nor so intended to be, it could not qualify as being a structure within the meaning of the rule.

The "artificial condition" to which the Restatement makes reference has to do with a changing of the natural condition of the land itself. For example, in McCarthy v. Ference, 358 Pa. 485 (1948), the natural slope of a hillside was changed exposing the underlying rock strata, with the result that rock falls were caused by the freezing and thawing operations of nature. When one outside the land was injured by being struck by such a fall, liability was imposed upon the possessor of the hillside for his failure to

inspect and maintain it in a safe condition. In the instant case, the natural condition of defendants' land has not been altered or disturbed. Indeed, the liability here asserted is based upon defendants' alleged failure to alter that which nature created.

We have found no authority imposing a duty upon the possessor of land adjacent to a highway to cut the overgrowth and natural foliage growing upon such land so that a traffic control sign placed upon it by the municipality might be seen by passing motorists. We do not believe that the law imposes such a duty upon one who possesses land under those circumstances.

The instant complaint does not aver that the overgrowth here in question is anything other than natural growth. In essence, it avers only that the natural condition of defendants' land obscured the sign. In these circumstances, we think that the law is as stated in section 363 of the Restatement quoted above and that the rule there enunciated ought to be applied here. We, therefore, hold that plaintiff has failed to state a cause of action against defendants, Evan B. and Lucretia Jenkins. Accordingly, their demurrer will be sustained.

Because we have concluded that we must sustain defendants' demurrer, we need not consider the motion for a more specific complaint. We enter the following

*Order*

And now, March 1, 1963, the preliminary objections of Evan B. and Lucretia Jenkins in the nature of a demurrer are hereby sustained.