**George G. McKINNEY, Plaintiff,**

v.

**ARMCO STEEL CORPORATION, Defendant.**

**Civ A. No. 65–1060.**

United States District Court
W. D. Pennsylvania.

June 28, 1967.

Edward J. I. Gannon, Pittsburgh, Pa., for plaintiff.

David B. Buerger, of Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

In this diversity action, plaintiff, George G. McKinney, has sued his former employer, Armco Steel Corporation (Armco), alleging that he was arbitrarily discharged for a false reason, and that since such discharge he has been extensively damaged by defendant's conduct which has prevented and will pre-

vent him from obtaining employment. In his complaint, plaintiff avers that after nearly 20 years of employment with Armco and its predecessor, he was summarily discharged by defendant without warning, without explanation, and without subsequent hearing; and that defendant has falsely informed prospective employers that his work was unsatisfactory. In an amended complaint plaintiff avers that defendant has refused and neglected to give recommendations or references, upon request, to plaintiff's agents, prospective employers and employment agencies "as is the custom in the industry and within the defendant corporation." [1]

This is the second time defendant has moved for summary judgment. In denying the first motion, we said:

"In our judgment the record does not disclose admitted or established facts which conclusively refute the averments of the amended complaint to the effect that the defendant refused and neglected upon request to give recommendations as is the custom in the industry and within the defendant corporation, and because of defendant's neglect and refusal to provide references, the discharged plaintiff has been unable to obtain employment. Such averments seem to involve genuine issues of material facts which can only be resolved after a full hearing.

"From amended section 7 of the complaint (deemed to be admitted because undenied, Rule 9(d), Fed.R.Civ. P.), it appears that the defendant breached a custom to give recommendations upon the severance of employment. At trial it may be shown that the custom was certain, continuous, uniform and notorious; that the oral contract of employment was entered into with reference to it and in conformity with it. If it is established

that the custom was part of the oral contract, the plaintiff may be entitled to damages for breach of contract. Restatement, Contracts, §§ 245, 246, 247." [2]

Subsequently, pretrial procedure was concluded and affidavits were submitted on behalf of each party, and on this record, including the pleadings and plaintiff's deposition, defendant contends that it is entitled to judgment on the ground that there is no genuine issue of material fact. We agree.

▮ Plaintiff's employment by defendant or its predecessor in 1945 was terminable at will (Pretrial Stipulation, p. 3, § III, 9; plaintiff's deposition, pp. 4–5). He was a non-union salaried employee. For such type of employment no authority has been cited which holds that a former employee is entitled to damages because his employer discharged him, even though the reason assigned, viz., "unsatisfactory performance", was false. Absent a contract of employment for a definite term or unless restrained by some labor union contract, an employer may discharge an employee at will, anytime, without cause or reason, or for any reason he believes justifies the discharge, even though the employee believes the reason to be false. In such cases no action for damages can be maintained for wrongful discharge. Jones v. Pittsburgh Mercantile Co., 295 Pa. 219, 145 A. 80 (1928); Henry v. Pittsburgh & L. E. R. Co., 139 Pa. 289, 297, 21 A. 157 (1891). Cf. Howe v. St. Louis Union Trust Company, 392 S.W.2d 625, 627 (Mo.1965). We do not understand plaintiff to controvert these principles.

In order to bring himself within the scope of an actionable claim, plaintiff contends that after his discharge he was entitled by a custom which existed in the industry and within the defendant corporation to a recommendation or reference to prospective employers in expla-

---

1. The only requests for recommendations on references were received by defendant after the suit had been commenced (see Pretrial Stipulation, p. 4, § IV, 3;

plaintiff's narrative statement; plaintiff's deposition).

2. See: Issues of fact to be litigated, Pretrial Stipulation, p. 5, § V.

nation of the discharge; that this custom became part of his oral contract of hiring; that defendant breached that contract by refusing, upon request, to give prospective employers a recommendation or reference explaining the discharge and falsely informed them that his work was unsatisfactory. As a result, plaintiff contends, he cannot obtain employment and has sustained considerable financial damage.[3]

■ At common law no duty is imposed upon an employer to give his discharged employee a letter of recommendation. See: Cleveland, C., C. & St. L. Ry. Co. v. Jenkins, 174 Ill. 398, 51 N.E. 811, 62 L.R.A. 922 (1898), and authorities therein cited; cf. Pond v. General Electric Company, 256 F.2d 824 (9th Cir. 1958). No Pennsylvania statute has been cited requiring a "service letter" upon discharge as exists in Missouri.[4]

Thus, it is incumbent upon plaintiff to produce sufficient evidence to establish that a custom existed in 1945—at the time of his employment by defendant or its predecessor—to provide a discharged employee with a recommendation or reference disclosing the true facts of his work record and explaining the true reason for his discharge; that such custom was incorporated in his contract of hiring; and that defendant breached the contract.

■ It appears that plaintiff will rely exclusively on his own testimony to prove that the custom existed at the time of his hiring. The defendant expects to present several witnesses to testify that no such custom has ever existed. To prove a case sufficient to submit to a jury, the plaintiff must present evidence of a certain, continuous, uniform and notorious custom to provide recommendations for discharged employees, which custom

existed at the time he was hired in 1945 and which became part of the contract of hiring. Cleveland, C., C. & St. L. Ry. Co. v. Jenkins, supra; Traff v. Fabro, 337 Ill.App. 83, 84 N.E.2d 874 (Ill.1949); Moinester v. Wilson & Co., 36 F.Supp. 33 (S.D.N.Y.1940). It has been stated authoritatively that "it will generally be desirable when a particular usage is relied on, to establish it by the testimony of several witnesses; and if it be a well established usage, as it ought to be, this will not be difficult" Traff v. Fabro, supra, 84 N.E.2d p. 877. In order to sufficiently prove that the alleged custom was *uniform and notorious* at the time he was employed, it would be requisite that plaintiff submit evidence thereof other than his own testimony. Cf. Albus v. Toomey, 273 Pa. 303, 116 A. 917 (1922); Lancaster Transp. Co. v. New York & N. B. Auto Exp. Co., 187 Pa.Super. 621, 146 A.2d 150 (1958).

■ We think the record demonstrates conclusively that the plaintiff has no witnesses to prove the existence of the alleged custom in 1945, and a trial is unnecessary. See: Transcript of January 6, 1967, pp. 14 et seq., and affidavits of plaintiff's witnesses relating to custom. Without a contractual or statutory duty on the part of defendant to detail truthfully plaintiff's virtues or shortcomings as a former employee, his case fails. Cf. Pond v. General Electric Company, supra, 256 F.2d pp. 827–828.

■ Plaintiff contends that defendant falsely disclosed to the Department of Labor and Industry (actually the Bureau of Employment Security) that the reason for his discharge was: "Services Terminated Because of Unsatisfactory Performance." But this communication was not made to a prospective employer. Although defendant admittedly sent the

---

3. As appears hereafter, defendant did not advise prospective employers that plaintiff had been discharged for unsatisfactory work, but if it had, since plaintiff alleges such reason is false, defendant almost certainly would face an action for tortious interference with his employment prospects, Prosser on Torts, 3d ed., p.

974, or an action for libel. Cf. Pond v. General Electric Company, 256 F.2d 824 (9th Cir. 1958); Williams v. Kansas City Transit, Inc., 339 S.W.2d 792 (Mo. 1960).

4. See: Howe v. St. Louis Union Trust Company, 392 S.W.2d 625 (Mo.1965).

foregoing information to the Bureau, defendant was required by law to furnish it upon request as a step in the administrative proceedings to determine plaintiff's claim for unemployment compensation benefits, and such information is confidential. 43 Purdon's Pa.Stat.Ann. §§ 761, 766; Bureau of Employment Security Regulation No. 6. A refusal to furnish the required information invites criminal penalties, § 872.

Even if it be assumed that the alleged custom could be established at trial, it now appears to a certainty that there was no actionable breach thereof. It is stated as a fact not to be contested at trial by evidence to the contrary that the only communication defendant received relative to plaintiff, between the date of his discharge and the date of filing his complaint, was the aforementioned request for a report from the Pennsylvania Department of Labor and Industry in connection with plaintiff's application for unemployment compensation; that the defendant has not disclosed to anyone the contents of its report sent to the Department, and that the communications between the defendant and the Department were privileged (Pretrial Stipulation, p. 4, § IV, 1–2). It is also stated to be a fact not to be contested that after the commencement of the action, the defendant received several inquiries relative to plaintiff's employment with it, but that defendant replied that it could not answer these inquiries because they involved a matter being litigated between the parties (Pretrial Stipulation, p. 4, §IV, 3).

At pretrial conference, plaintiff's counsel admitted in the presence of the plaintiff that there were no prospective employers of the plaintiff to whom defendant had disclosed that plaintiff's work was not satisfactory (Tr., p. 12; plaintiff's deposition).

Also at the conference, plaintiff's counsel, with plaintiff present, conceded that plaintiff would offer no evidence of defendant's refusal to give references except as to two employment agencies and one prospective employer, and that these three inquiries were received by defendant *after suit was filed* (Tr., pp. 14–17; see also: plaintiff's list of exhibits and his deposition).

■ We think plaintiff has had ample opportunity, through discovery, to show that there is a genuine issue of these material facts, which he has failed to do. The record clearly shows that plaintiff has no evidence to support the allegation that defendant falsely informed prospective employers that his work was unsatisfactory. It clearly shows that prior to suit defendant did not refuse to give recommendations and references to prospective employers and employment agencies. Without affirmative evidence in support thereof, the defendant would be entitled to a directed verdict at trial. When it appears that a court would be required to direct a verdict in favor of the moving party at trial, it is justified in granting a motion for summary judgment. Dyer v. MacDougall, 201 F.2d 265, 268 (2d Cir.1952). Where there are no genuine issues of material fact to be tried, such a motion should be granted. Rule 56(c), Fed.R. Civ.P.

■ In our opinion it must be held as a matter of law that there is nothing actionable in the refusal of a company to reply to an inquiry concerning the circumstances of a former employee's separation received subsequent to the filing of an action by that employee against the company for damages resulting from summary discharge. We so hold even if we assume that plaintiff is in possession (although he is not) of sufficient evidence to prove a contractual obligation by way of custom on the part of the company to give a "recommendation" to prospective employers.

■ The purpose of summary judgment is to avoid useless and time-consuming trials and to dispose of litigation when it clearly and affirmatively appears from the record that a plaintiff is unable to produce proof of a genuine issue of material fact indispensable to the submission of his case to a jury.

An appropriate order granting summary judgment will be entered.