Joseph J. RUCH

v.

STRAWBRIDGE & CLOTHIER, INC.

Civ. A. No. 83–1966.

United States District Court,
E.D. Pennsylvania.

July 5, 1983.

Robert P. Style, Rubin, Quinn & Moss, Philadelphia, Pa., for plaintiff.

Francis M. Milone, Michael L. Banks, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VanARTSDALEN, District Judge.

Plaintiff, Joseph J. Ruch, filed this action against his former employer, Strawbridge & Clothier, Inc. (Strawbridge), claiming that the defendant discharged him because of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. Plaintiff also asserted a pendent state claim for breach of contract. Presently before the court is Strawbridge's motion under Federal Rule of Civil Procedure 12(b)6 to dismiss plaintiff's breach of contract claim (Plaintiff's Complaint Count II) for failure to state a claim upon which relief can be granted. For the reasons stated herein, the motion will be granted.

The factual predicate for plaintiff's breach of contract claim is as follows. Plaintiff was employed as a salesperson in the defendant's department store in Springfield, Pennsylvania, from October 17, 1966 until his termination on April 27, 1981. During the term of his employment, the plaintiff was provided with a booklet entitled "Welcome," outlining, *inter alia,* the rules and regulations governing the conduct of Strawbridge employees. The booklet further specified certain reasons for which a Strawbridge employee may be terminated. The plaintiff alleges that by publishing the booklet and supplying it to its employees, Strawbridge contracted with those employees who followed the regulations set forth therein, particularly with regard to the provisions governing dismissal from employment. It is the plaintiff's position that since his dismissal was not caused by a violation of any regulation contained in the booklet, said dismissal constituted a breach of his employment contract.

In *Geary v. United States Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974), the Pennsylvania Supreme Court restated a rule of law long adhered to in Pennsylvania and the vast majority of other jurisdictions—absent a statutory or contractual provision to the contrary, an employment relationship may be terminated by either party at any time for any or no reason. "No court in this Commonwealth has ever recognized a nonstatutory cause of action for an employer's termination of an at-will employment relationship." *Id.* at 174, 319 A.2d at 175. Although dicta in *Geary* suggested that there exists an exception to the employment at-will doctrine where the discharge violated a clear mandate of public policy, the general rule that an at-will employee may be discharged at whim of the employer has been repeatedly reaffirmed. *See Forman v. BRI Corp.,* 532 F.Supp. 49 (E.D.Pa.1982); *Boresen v. Rohm & Haas, Inc.,* 526 F.Supp. 1230 (E.D.Pa.1981); *Fleming v. Mack Trucks, Inc.,* 508 F.Supp. 917 (E.D.Pa.1981); *Rogers v. International Business Machines Corp.,* 500 F.Supp. 867 (W.D.Pa.1980); *Yaindl v. Ingersoll-Rand Co.,* 281 Pa.Super.Ct. 560, 570, 422 A.2d 611, 616 (1980); *Reuther v. Fowles & Williams, Inc.,* 255 Pa.Super.Ct. 28, 31, 386 A.2d 119, 120 (1978).

In this action, the plaintiff does not allege that his discharge was in contravention of public policy. Nor does he allege that his discharge was in violation of any explicit or express contract of employment. Rather, the plaintiff relies upon a personnel policy manual submitted by the defendant to the plaintiff at some point *after* plaintiff commenced his employment. Plaintiff argues that the personnel policy manual evidences an intent on the part of the defendant to enter into a "unilateral contract" with plaintiff.

In *Cummings v. Kelling Nut Co.,* 368 Pa. 448, 84 A.2d 323 (1951), the Pennsylvania Supreme Court reiterated that "length of time" is an essential element of any contract of employment.

The general rule is that when a contract provides that one party shall render services to another, or shall act as an

agent, or shall have exclusive sales rights within certain territory, but does not specify a definite time or prescribe conditions which shall determine the duration of the relation, the contract may be terminated by either party at will: ... The burden is on the plaintiff in such cases to overcome the presumption by showing facts and circumstances establishing some tenure of employment: ... The intention of the parties governs. One relying on the contract as providing for a reasonable length of time must establish something in the nature and circumstances of the undertaking which would create the inference that a definite or reasonable period of employment was actually contemplated by the parties.

*Id.* at 451–52, 84 A.2d at 325 (citations omitted). Thus, in the absence of an agreement for a fixed period of time, a hiring is a hiring at will. *Beidler v. W.R. Grace, Inc.,* 461 F.Supp. 1013, 1015 (E.D.Pa.1978), *aff'd mem.,* 609 F.2d 500 (3d Cir.1979). There must be specific guidelines for determining the duration of the contract in order to overcome the presumption that the contract was terminable at will. *Geib v. Alan Wood Steel Co,* 419 F.Supp. 1205, 1208 (E.D. Pa.1976).

■ Plaintiff has not alleged any facts demonstrating a guaranteed term of employment or a basis for implying one. Even viewing the pleadings in the light most favorable to the plaintiff and accepting as true the factual allegations in the complaint, the plaintiff has failed to state a claim for breach of contract. The personnel policy manual upon which the plaintiff relies does nothing more than set forth a general code of conduct for *all* Strawbridge employees. It does not constitute a contract of employment. Nothing in the policy manual permits even an inference that a definite or reasonable period of employment was actually contemplated by the parties, even assuming that the plaintiff diligently adhered to the code of conduct set forth therein. Absent a specific provision governing tenure, either party could terminate the employment relationship at will. The policy manual provisions governing employee conduct are insufficient to overcome the presumption that the contract was freely terminable.

In support of his contention that the defendant's personnel policy manual may constitute a contract of employment, plaintiff principally relies upon *Wagner v. Sperry Univac, Division of Sperry Rand Corp.,* 458 F.Supp. 505 (E.D.Pa.1978), *aff'd mem.,* 624 F.2d 1092 (3d Cir.1980). In *Wagner,* the plaintiff asserted a state law breach of contract claim in addition to a claim under the Age Discrimination in Employment Act. It was undisputed that the employee and the employer never entered into a written contract of employment. The employee contended that an unwritten employment contract did exist and that certain provisions of the employer's personnel policy manual, particularly the provisions governing layoffs, supplied some of the terms of the contract. The personnel policy manual provided that length of service was to be the "governing factor" where two or more employees having equal education, experience and ability were to be laid off during a reduction in force. The *Wagner* court denied the employer's motion for summary judgment on the plaintiff's breach of contract claim ruling that there was an issue of fact as to whether the employee relied on the personnel policies in giving up his right to look elsewhere for employment.

Plaintiff's reliance upon *Wagner* is misplaced for two reasons. First, the personnel policy manual which plaintiff contends establishes a unilateral contract does not contain the express promises which the *Wagner* court considered relevant. The provisions governing employee conduct in this action contain no assurances that an employee will not be terminated even if the regulations contained therein are rigidly adhered to by Strawbridge employees. The personnel policy manual merely sets forth "some of the more serious offenses" which

may result in immediate dismissal. No unilateral contract arises merely by the fact that Strawbridge has alerted its employees that certain conduct may form the basis of a discharge.

Second, the *Wagner* court makes no reference to the Pennsylvania Supreme Court's decisions in *Geary* or *Cummings*. Those courts which have considered whether an employer's personnel policy manual may constitute a unilateral contract of employment, in light of the Pennsylvania Supreme Court's pronouncements on at-will employees, have rejected this contention. *See Boresen v. Rohm & Haas, Inc.,* 526 F.Supp. 1230, 1235–36 (E.D.Pa.1981); *McNulty v. Borden, Inc.,* 474 F.Supp. 1111, 1119 n. 3 (E.D.Pa.1979); *Beidler v. W.R. Grace, Inc.,* 461 F.Supp. 1013, 1015 (E.D.Pa.1978), *aff'd mem.,* 609 F.2d 500 (3d Cir.1979). Accordingly, Count II of plaintiff's complaint alleging a breach of contract will be dismissed.