Appeal from a judgment of dismissal in favor of the defendants, United Insurance Company of America (United), and Louis Giannini. We reverse in part and affirm in part.
This action began with a complaint filed by Rhonda Rice which set forth five separate causes of action. Three counts state a cause of action for emotional distress, the fourth, a cause of action for breach of employment contract, and the fifth, a cause of action for wrongful termination of employment.
The sole issue on appeal is whether the trial court appropriately dismissed the plaintiff's complaint pursuant to ARCP 12 (b)(6) for failure to state claims upon which relief can be granted. In appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief under some cognizable theory of law. In reviewing that issue, this court does not contemplate the likelihood of the plaintiff's prevailing on the facts; rather, all allegations are construed in the light most favorable to Rice, and all doubts are resolved in her favor. Braggs v. Jim Skinner Ford,Inc., 396 So.2d 1055 (Ala. 1981); and Scheuer v. Rhodes,416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).
 I
The first three counts in plaintiff's complaint state a cause of action for the intentional infliction of emotional distress: the tort of outrage. While Rice attempts to couch the second and third counts, respectively, in terms of wanton and negligent behavior, each count alleges actions so "oppressive, malicious, negligent and/or outrageous as to constitute intentional infliction of emotional distress." In substance, all three counts state a cause of action for the tort of outrage. Therefore, the second and third counts of plaintiff's complaint are superfluous.
Defendants allege that the facts stated in plaintiff's complaint, even if taken as true, are insufficient to invoke the theory of defendant's intentional infliction of emotional distress. In support of this argument, defendants rely primarily on the result reached by this court in American RoadService Co. v. Inmon, 394 So.2d 361 (Ala. 1981). In that case, the plaintiff alleged that he was wrongfully accused by his employer of taking kickbacks in the sale of certain property, interrogated regarding that accusation in a humiliating manner, and terminated without justification. This court concluded, there, that the facts generally alleged by Inmon did not rise to the tort of intentional infliction of emotional distress.
They also point to the case of Beidler v. Grace, 461 F. Supp. 1013
(E.D.Pa. 1978), where the United States District Court found the plaintiff's complaint failed to state a cause of action for the tort of intentional infliction of emotional distress. There, the plaintiff-employee alleged he had been excluded from certain meetings necessary to the performance of his job, that his employer had rearranged his desk so as to annoy him, and that his employer had failed to communicate with him concerning his job performance.
Here, Rice contends that, after she informed her employer that she had become *Page 1102 
pregnant, her supervisor, Louis Giannini, organized an attempt to force her to take disability leave rather than to work throughout her pregnancy. She contends he put pressure on her husband to use his influence with her to encourage her to take disability leave, that he repeatedly falsely accused her, in the presence of co-employees and clients, of incompetence; that on numerous occasions she was ridiculed, both alone, and in the presence of co-employees, that vital business information was withheld from her, and that, eventually, she was wrongfully terminated. She contends all the above mentioned behavior was calculated to force or coerce her into voluntarily taking disability leave from work during her pregnancy. She alleges that a miscarriage she suffered one week after her job loss was a direct result of emotional distress inflicted upon her by Giannini.
The facts alleged in this case clearly distinguish it from those in Inmon and in Beidler. First, Rice alleges a pattern of activity, encompassing a period of several months. Second, defendants' alleged behavior involved a great many persons (Rice's co-workers, clients, and husband) in addition to Rice and the defendants. Third, defendants' alleged pattern of outrageous acts were directed toward plaintiff when Giannini was likely to know that severe emotional distress could have serious physical repercussions. Fourth, the outrageous actions alleged by Rice were directed toward an illegal purpose, discrimination against an employee because of sex. Such discrimination is prohibited by Title VII of the Civil Rights Act.
It is conceivable, under the facts alleged, that Rice can prove a set of facts in support of her claim of intentional infliction of emotional distress. Therefore, the trial court erred in dismissing that claim.
 II
Second, defendants contend plaintiff's allegations of intentional infliction of emotional distress are subsumed by Title VII of the Civil Rights Act of 1964, as amended,42 U.S.C. § 2000e-5, et seq. They rely on a line of cases which stems from Brown v. General Services Administration,425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). That case stands for the proposition that, although the statute itself does not clearly address the issue, Title VII provides the exclusive remedy for employment discrimination. Brown involved a plaintiff who sued the General Services Administration seeking relief for employment discrimination under both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, et seq., and the Civil Rights Act of 1866, as amended,42 U.S.C. § 1981. The court held that plaintiff was barred from relief under § 1981 for employment discrimination also cognizable under Title VII, basing its holding on the principle that "a precisely drawn, detailed statute preempts more general remedies." Brown, supra, at 834, 96 S.Ct. at 1968.
While we recognize the rationale in Brown, the conclusion of that case is inapplicable to the facts of this one. Plaintiff Rice pursues two separate claims on two distinct and independent rights: her right to be free from discriminatory treatment at her jobsite and her right to be free from the infliction of emotional and bodily injury caused by another person. This situation is controlled neither by Brown nor by the subsequent cases cited by defendants.
Brown does not prohibit employees who allege employment discrimination from suing on any other cause of action arising from the same facts. For example, federal employees are permitted, as a matter of course, to bring suit under both Title VII and the Equal Pay Act. Nitterright v. Claytor,454 F. Supp. 130 (D.D.C. 1978). The tort of outrage, alleged here, like the problem of unequal pay, is distinct from the wrongs to be redressed by Title VII.
Since the Brown decision was rendered, several courts have held that a § 1983 action may be brought in addition to a Title VII claim. See National Organization of Women v. Sperry RandCorp., 457 F. Supp. 1338 (D.Conn. 1978); and Curran v. PortlandSuperintending School Committee, *Page 1103 435 F. Supp. 1063 (S.D.Me. 1977). Under 42 U.S.C. § 1983, CivilAction for Deprivation of Rights, damages recoverable include damages for humiliation, pain and suffering, mental distress, and aggravation of injury.
Similarly, Title VII does not offer compensation to Rice for any physical and psychic damage to her which may have resulted from any outrageous acts by defendants. Nowhere does the statute itself, which speaks solely in terms of equitable relief, expressly authorize an award of any money damages other than back pay, limited to a two-year period and reduced by the amount of interim earnings. See Curran v. PortlandSuperintending School Committee, 435 F. Supp. 1063 (S.D.Me. 1977), for a discussion of damages allowable under Title VII. We conclude Rice's cause of action for intentional infliction of emotional distress is not subsumed by Title VII.
 III
Rice has not stated a claim for breach of a contract of employment. She alleges defendants "improperly, impermissibly, and illegally" discharged her. The trial court correctly determined that her employment contract, indefinite in time, was terminable at the will of either party. See, e.g., Meeks v.Opp Cotton Mills, Inc., 459 So.2d 814 (Ala. 1984); Bates v. JimWalter Resources, Inc., 418 So.2d 903 (Ala. 1982); Davis v.Marshall, 404 So.2d 642 (Ala. 1981); and Bender Ship Repair,Inc. v. Stevens, 379 So.2d 594, 595 (Ala. 1980).
For the reasons stated above, that aspect of the judgment dismissing the claims for breach of contract and wrongful termination of employment is affirmed. That aspect of the judgment dismissing the other claims is reversed and the case remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
MADDOX, FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and ALMON and SHORES, JJ., concur in part and dissent in part.