TORBERT, Chief Justice
(concurring specially).
Stimpson filed a motion to dismiss on December 6, 1984, which was granted on January 18, 1985. Dismissal, pursuant to A.R.Civ.P. 12(b)(6) is not proper “unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of [plaintiff’s] claim which would entitle [plaintiff] to relief under some cognizable theory of law.” Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). Justice Faulkner, writing for the majority, correctly points out that Knowles’s complaint states a good cause of action against Stimpson for breach of an owner’s duty to keep his premises in a reasonably safe condition. Therefore dismissal was improper.
Knowles then filed a motion to reconsider the dismissal of Stimpson. While that motion was pending, Beatty also filed a motion to dismiss. The trial court overruled Knowles’s motion to reconsider Stimpson’s dismissal and granted Beatty’s motion to dismiss on March 8, 1985, after receiving on that same day an affidavit of Stimpson in support of the motions to dismiss.
If the reaffirmance of Stimpson’s dismissal and the initial grant of Beatty’s dismis *373 sal were based solely on the Rule 12(b)(6) motions filed by Stimpson and Beatty, then the dismissals were improper for the reason already set forth concerning the impropriety of the initial granting of Stimpson’s Rule 12(b)(6) motion. Stimpson and Beatty’s argument that the presentation of matters outside the pleading converted the 12(b)(6) motions into summary judgment motions, and therefore that dismissal was proper, is only partially correct. Rule 12(b) specifically provides that a 12(b)(6) motion will be treated as a summary judgment motion when matters outside the pleadings are presented. But Rule 12 also goes on to say that “all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” A.R.Civ.P. 12(b). Thus, it was improper for the trial court to grant summary judgment on the same day the 12(b)(6) motions were converted into summary judgment motions due to the presentation of materials outside the pleadings, without giving the non-moving party a reasonable opportunity to present additional materials.