L. CHARLES WRIGHT, Retired Appellate Judge.
In December 1991 Arthur Brennan Mal-loy was convicted by a jury in the Circuit Court of Montgomery County for robbery in the first degree. Pursuant to the Habitual Felony Offender Act he was sentenced to life imprisonment without parole. His conviction was affirmed by the court of criminal appeals. Malloy v. State, 437 So.2d 595 (Ala.Crim.App.), cert. denied, 437 So.2d 595 (Ala.1983), and cert. denied, 464 U.S. 1047, 104 S.Ct. 722, 79 L.Ed.2d 184 (1984).
In May 1990 Malloy filed an “Application for Pardon” with the Alabama Board of Pardons and Paroles. He requested that he be granted a “ ‘full and unconditional’ pardon based on the grounds that the record of the criminal proceedings is so totally lacking of proof of petitioner’s knowing and specific intent to commit the crime of robbery by use of a deadly weapon.” In support of his petition, he submitted a copy of his trial transcript. In August 1990 the Board informed Malloy that pursuant to § 15-22-36(c), Code 1975, it did not have jurisdiction to consider his request.
In October 1990 Malloy filed an action against the Board in the Circuit Court of *403 Montgomery County. The complaint requested that the trial court enter a judgment granting him:
“(A) A Declaratory judgment that the defendants’) acts, or failure to act, and practices described herein and complained of constitutes dereliction of duty, misfeasance, malfeasance, nonfeasance and a gross abuse of discretionary power resulting in actual injury to the plaintiff in violation of statutory law and the Fourteenth Amendment — due process and equal protection clauses.
“(B) Injunctive Relief that the defendants be ordered to grant the plaintiffs Application for Pardon, and to release the plaintiff within thirty (30) days of the Court’s order entering judgment in favor of the plaintiff.
“(C) Compensatory damages of One Million Dollars ($1,000,000).
“(D) Punitive damages of Three Million Dollars ($3,000,000).”
The Board filed a motion to dismiss the complaint, alleging that the Board was absolutely immune from such suit and that Malloy’s complaint failed to state a claim upon which relief could be granted. The trial court granted the motion. Malloy appeals, pro se.
The trial court’s order dismissing the action provided the following:
“The Court having read and considered Alabama Code Section 15-22-36 and the record in this case, including Defendant’s Motion to Dismiss and Plaintiff’s traverse to motion to dismiss, it is ordered that Defendant’s motion is due to be and is hereby granted.”
Without determining the immunity issue, we find, based on the statutory language of § 15-22-36(c), that Malloy failed to state a claim upon which relief could be granted.
Section 15-22-36(c) provides that:
“[N]o pardon shall be granted unless the prisoner has successfully completed at least three years of permanent parole or until the expiration of his sentence if his sentence was for less than three years, except upon the unanimous affirmative vote of the board following receipt and filing of clear proof of his innocence of the crime for which he was convicted and the written approval of the judge who tried his case or district attorney....”
Malloy insists that he should be pardoned because of his innocence. He contends that his trial transcript is “clear proof” of that innocence. Malloy did not offer as “clear proof” the written approval of the judge who tried his case or the written approval of the district attorney. We view Malloy’s action as a back-door attempt to have his conviction reviewed by the Board — an action which the Board is not authorized to do.
A dismissal for failure to state a claim is properly granted only when it appears beyond a reasonable doubt that the plaintiff can prove no set of facts entitling him to relief. Rule 12(b), Alabama Rules of Civil Procedure; Fontenot v. Bramlett, 470 So.2d 669 (Ala.1985). When reviewing a motion to dismiss for failure to state a claim, this court resolves all doubts in favor of the plaintiff. Rice v. United Ins. Co. of America, 465 So.2d 1100 (Ala.1984).
It appears to this court that Malloy can prove no set of facts entitling him to the relief requested. The trial court’s grant of the Board’s motion to dismiss was not in error.
Malloy contends that the trial court erred in refusing to recuse himself. He cites no authority for this proposition. Failure to cite supporting authority precludes this court from entertaining the issue presented. Sea Calm Shipping Co. v. Cooks, 565 So.2d 212 (Ala.1990).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.