**Robert A. RODGERS, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS; Joseph P. Lehman, Commissioner, Department of Corrections, and William J. Wolfe, Superintendent, Correctional Institution at Cambridge Springs, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 1994.

Decided May 15, 1995.

Lawrence L. Kinter, for petitioner.

William E. Fairall, Jr., Asst. Counsel, for respondent.

Before SMITH and NEWMAN, JJ., and LORD, Senior Judge.

SMITH, Judge.

Before this Court are preliminary objections filed by respondents the Department of Corrections, Joseph P. Lehman, Commissioner of the Department, and William J. Wolfe, Superintendent of the State Correctional Institution at Cambridge Springs (collectively, DOC) to a complaint filed in this Court's original jurisdiction by Robert A. Rodgers (Rodgers), alleging violations of the Whistleblower Law (Law), Act of December 12, 1986, P.L. 1559, 43 P.S. §§ 1421–1428, the United States Constitution and the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005.[1] The preliminary objections are in the nature of a demurrer, asserting that Rodgers' complaint fails to state a cause of action against DOC under any of these provisions.[2]

Rodgers' complaint avers that he has been employed with DOC since 1984. He was promoted to the rank of Correctional Officer III (Lieutenant) in 1992 and assigned to the correctional institution at Cambridge Springs, and while working there he received good evaluations and became a shift commander, the firearms instructor and the emergency response team leader. The portions of the complaint now at issue state:

9. In the winter of 1993, the Plaintiff became aware of certain irregularities regarding the operation of Cambridge Springs, to-wit: the expenditure of unnecessary funds, the dismissal of an employee for no apparent reason, requests to change evaluations, requests to alter reports to the Court and the use of inmates for personal reasons.

10. The Plaintiff, verbally and in writing, reported these matters to appropriate authorities.

11. Shortly after making said reports, the Plaintiff was placed on the daylight shift, contrary to his wishes.

12. The Plaintiff subsequently requested a transfer to the facility at Mercer, the institution to which he was previously assigned.

13. The Plaintiff was informed that there were vacancies at Mercer, but in the position of Correctional Officer I.

14. On or about February 24, 1994, the Plaintiff was advised that he was going to be the 'Administrative' Lieutenant and that he should not leave the office. The Plaintiff was further informed that he would no longer be shift commander. The Plaintiff was further removed as the emergency response team leader, on the pretext that he could not 'get along with' the Superintendent of the Cambridge Springs Institution. Similarly, the Plaintiff was chastised for his 'behavior' in contacting government officials about mismanagement at the prison.

15. The Plaintiff was thus faced with the choice of remaining at the Cambridge Springs Institution, where he was subjected to harassment and derision from his superiors, or of transferring to Mercer, were [sic] proper working conditions existed, but with a reduction in grade from Correctional Officer III (Lieutenant) to Correctional Officer I. The Plaintiff chose the latter and accepted a transfer to Mercer, effective March 13, 1994.

16. The Plaintiff has thus been deprived of the employment benefits as a Lieutenant, and has suffered a loss in compensation of approximately $12,000.00 a year.

---

1. This case was reassigned to the opinion writer on February 3, 1995.

2. DOC's preliminary objections include a motion for a more specific pleading; however, in its statement of the question presented and in the argument portion of its brief in support of the preliminary objections DOC makes no mention of this motion. The sole relief requested is dismissal of Rodgers' complaint with prejudice.

Rodgers' brief states that his constitutional claims were pleaded only as ancillary to his claims under the Law and presents no separate argument based upon them; the brief further expressly withdraws any reference to the Civil Service Act.

For the purpose of testing the legal sufficiency of a complaint in ruling upon a preliminary objection in the nature of a demurrer, the Court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom. *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections,* 158 Pa.Commonwealth Ct. 221, 631 A.2d 767 (1993), *aff'd,* 536 Pa. 544, 640 A.2d 413 (1994). *See also Wurth v. City of Philadelphia,* 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990). Because the sustaining of a demurrer results in the denial of a claim or the dismissal of a suit, it should be sustained only in cases that are clear and free from doubt, *Wurth,* and only where it appears, with certainty, that the law permits no recovery under the allegations pleaded. *Runski v. American Federation of State, County and Municipal Employees, Local 2500,* 142 Pa.Commonwealth Ct. 662, 598 A.2d 347 (1991), *aff'd,* 537 Pa. 193, 642 A.2d 466 (1994).

The substantive protection afforded to whistleblowers is set forth in Section 3(a) of the Law, 43 P.S. § 1423(a):

No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee ... makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

Section 2, 43 P.S. § 1422, provides definitions of the operative terms.

The Law defines "employer" as a person supervising one or more employees, including the one involved, or a superior of that supervisor or an agent of a public body. A "public body" includes a state officer, agency, department, division, bureau, board, commission, council, authority or any other body in the executive branch of state government. "Appropriate authority" is broadly defined as a federal, state or local government body, agency or organization having jurisdiction over criminal law enforcement, regulatory violations, professional conduct, ethics or waste, or any member, officer, agent, representative or supervisory employee of such.

"Wrongdoing" is "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." "Waste" is "[a]n employer's conduct or omissions which result in substantial abuse, misuse, destruction or loss of funds or resources belonging to or derived from Commonwealth or political subdivision sources."

DOC asserts that Rodgers has failed to identify who was his supervisor or superior as defined by the Law, whose conduct constituted the irregularities alleged in Paragraph 9, what specific identifiable behavior constituted waste or wrongdoing within the statutory definition and who were the appropriate authorities to whom he allegedly made reports. Without specifics, DOC argues, there is a gap between the allegations and the named respondents that may be bridged only by an unwarranted factual or legal inference.

DOC concedes in the preliminary objections that the allegations of Paragraphs 11 and 14 presumably rise to the level of harassment but asserts that they fail to allege any connection between those facts and the individual respondents. In its brief, however, DOC argues that it is unclear whether the allegations of those paragraphs constitute conduct prohibited by the Law. Conceding that Rodgers specifically alleges that he was "chastised" for contacting government officials about mismanagement at the prison, DOC asserts that it is not clear whether such chastising is conduct covered by the Law.

First, this Court has no difficulty in concluding that the Superintendent of a correctional institution at which a corrections officer was employed and the Commissioner of the Department of Corrections come within the definition of "employer" as a supervisor of the employee involved or a superior of that supervisor or an agent of a public body. No pleading with particularity is necessary to allege that such officials are ultimately responsible for disciplinary actions or discriminatory treatment relating to employees of

the Department of Corrections.[3]

Second, the Court concludes that Rodgers has made allegations sufficient to withstand a demurrer and that the information sought by DOC is in the nature of evidence, which may be obtained through discovery pursuant to Pa.R.C.P. Nos. 4001–4025. DOC refers to Pa.R.C.P. 1019, which provides in part: "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." The Superior Court considered this provision in detail in *Baker v. Rangos*, 229 Pa. Superior Ct. 333, 324 A.2d 498 (1974). The court noted that a complaint must do more than give notice of the claim and the grounds upon which it rests; it should formulate the issues by fully summarizing the material facts. The court then explained:

'Material facts' are 'ultimate facts,' *i.e.*, those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged. *See United Refrigerator Co. v. Applebaum*, 410 Pa. 210, 189 A.2d 253 (1963) (allegation of defense by accommodation parties that plaintiff was accommodated party to whom they were not liable sufficient; reason for accommodation evidentiary fact that need not be alleged); *Smith v. Allegheny County*, 397 Pa. 404, 155 A.2d 615 (1959) (complaint accusing defendants of failure to provide adequate drainage sufficient; source and means of flow either through pipes or strata of rock a matter of evidence).

*Id.*, 229 Pa. Superior Ct. at 349–350, 324 A.2d at 505.

In *Fawcett v. Monongahela Railway Co.*, 391 Pa. 134, 137, 137 A.2d 768, 770 (1958), cited by DOC, the Supreme Court held that an allegation that the actions of the defendant "constitute a wrongful discharge from employment without just cause in fact or in law and in breach of the employment contract between plaintiff and defendant" amounted to an averment of a conclusion of law, which was not deemed admitted by the defendant's preliminary objections. The court did not sustain a demurrer as to that or the other claim asserted but rather remanded for more specific pleadings.

The plain intent of the Law is to protect from retaliation employees who make good-faith efforts to alert authorities to governmental waste and wrongdoing. Rodgers has made allegations tracking the language of the Law and providing some specifics in regard to what he observed and how he reported it. He has alleged the ultimate facts that he reported specific types of wrongdoing both orally and in writing and that he was chastised and otherwise adversely affected as a direct result of his actions.

DOC asserts only that it is "unclear" whether some of the matters reported or some of the treatment Rodgers allegedly received as a consequence fall under the provisions of the Law. Further factual details are readily subject to discovery, and these legal issues may be decided in the course of litigation. This Court cannot conclude with certainty that the law permits no recovery under the allegations pleaded. Therefore, the preliminary objections of DOC are overruled.

### ORDER

AND NOW, this 15th day of May, 1995, the preliminary objections of the Department of Corrections, Joseph P. Lehman, Commissioner, and William J. Wolfe, Superintendent of the Correctional Institution at Cambridge Springs, are overruled. The Respondents are hereby ordered to file a responsive pleading in accordance with the applicable Rules of Court.

---

**3.** This Court recently held that if the actions constituting a violation of the Law fall within the scope of a public employee's authority, when acting only in his official capacity, the public body shall be responsible for any damages awarded so long as it is afforded notice and an opportunity to participate in the proceedings. *Retenauer v. Flaherty*, 164 Pa.Commonwealth Ct. 182, 642 A.2d 587 (1994).