First Nazareth Baptist Church, Appellant
v.
City of Philadelphia
No. 1367 C.D. 2008.
Commonwealth Court of Pennsylvania.
Submitted: February 27, 2009.
Filed: July 2, 2009
Before: SMITH-RIBNER, Judge, JUBELIRER, Judge, KELLEY, Senior Judge

OPINION NOT REPORTED
MEMORANDUM OPINION BY SENIOR JUDGE KELLEY
First Nazareth Baptist Church (Church) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), which sustained the preliminary objections filed by the City of Philadelphia (City) and dismissed the Church's complaint with prejudice for failure to exhaust statutory remedies. We affirm.
The Church is a religious association and nonprofit corporation which owned properties located at 627-35 and 641 East Chelten Avenue, Philadelphia, Pennsylvania (Properties). The City accumulated liens totaling $73,000 for demolition charges and unpaid real estate tax for the Properties. On February 5, 2008, the Church sold its interest in the Properties. At settlement, the title company withheld payment of $73,000 from funds owing to the Church for liens assessed by the City in connection with the Properties.
On January 30, 2008, the Church filed a complaint to quiet title against the City. On March 13, 2008, after the Properties were sold, the Church filed an amended complaint.[1] The amended complaint challenges the imposition of real estate taxes and nuisance liens on the Properties describing them as excessive and unwarranted. The Church further alleges that the City's claims for nuisance and municipal liens constitute unjust enrichment, conversion, unfair business practice and/or violations of the taxing statute redressible at law. The Church seeks relief in the form a declaration that the municipal and nuisance liens are void as unreasonable and a refund for excess nuisance and municipal liens assessed against the Properties.
On March 27, 2008, the City filed preliminary objections to the amended complaint for failure to exhaust statutory remedies. In response, the Church filed an answer asserting it did not need to exhaust administrative remedies because it was seeking declaratory relief. The City filed sur-reply.
By order dated May 6, 2008, the trial court sustained the City's preliminary objections. In the opinion that followed, the trial court explained that it sustained the City's preliminary objections because the Church had failed to exhaust administrative remedies and the Church could not excuse that failure by alleging a constitutional challenge because the challenge was to the liens as applied to the Church, not to the validity of the statute as a whole. This appeal then followed.[2] The Church presents the following issues for our review:
1. Whether the trial court erred and/or abused its discretion in sustaining the preliminary objections in the nature of a demurrer where the demurrer was a speaking demurrer and the complaint was dismissed without granting leave to amend despite the reasonable possibility of successful amendment.
2. Whether the trial court erred and/or abused its discretion in sustaining the preliminary objections in the nature of demurrer for an alleged failure to exhaust administrative remedies where the Church could have established both wrongful conduct on the part of the local agency for legal remedies and two grounds for the proper exercise of equitable discretion.
First, the Church contends that the trial court erred and/or abused its discretion in sustaining the preliminary objections in the nature of a demurrer for an alleged failure to exhaust administrative remedies where the demurrer was a speaking demurrer. We disagree.
When ruling upon preliminary objections, a court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom. Envirotest Partners v. Department of Transportation, 664 A.2d 208 (Pa. Cmwlth. 1995); Rodgers v. Pennsylvania Department of Corrections, 659 A.2d 63 (Pa. Cmwlth. 1995). The court is not required to accept as true any conclusions of law or expressions of opinion. Envirotest. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. Id.
A demurrer is a preliminary objection that the pleadings fail to set forth a cause of action upon which relief can be granted under any theory of law. Regal Industrial Corp. v. Crum and Forster, Inc., 890 A.2d 395, 398 (Pa. Super. 2005). A demurrer, which results in the dismissal of a suit, should be sustained only in cases that are free and clear from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. Rodgers. A demurrer cannot aver existence of any facts not apparent from the face of challenged pleading. Wells v. Southeastern Pennsylvania Transportation Authority, 523 A.2d 424 (Pa. Cmwlth. 1987).
A "speaking demurrer" is defined as "one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected to, or, in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of pleading." Regal Industrial, 890 A.2d at 398 (quoting Black's Law Dictionary 299 (6th ed.1991)). A "speaking demurrer" cannot be considered in sustaining a preliminary objection. Regal Industrial.
Pursuant to the Pennsylvania Rules of Civil Procedure, preliminary objections may be filed by any party to any pleading on grounds that include legal insufficiency of a pleading (demurrer) and failure to exercise or exhaust a statutory remedy. Pa. R.C.P. No. 1028. "The doctrine of exhaustion of administrative remedies is founded on judicial recognition of the mandate of the legislature that statutorily prescribed remedies are to be strictly pursued." Ohio Casualty Group v. Argonaut Insurance Co., 514 Pa. 430, 435, 525 A.2d 1195, 1197 (1987). "[A] party seeking relief must exhaust available administrative remedies before he may obtain judicial review." Id. The rationale for this requirement is founded on the idea that when the legislature has established an administrative agency possessing expertise and broad regulatory powers, a court should be cautious in interfering in those matters which were intended to be considered, at least initially, by the administrative agency. Feingold v. Bell of Pennsylvania, 477 Pa. 1, 383 A.2d 791 (1977); Muir v. Alexander, 858 A.2d 653, 660 n.17 (Pa. Cmwlth. 2004).
The exhaustion doctrine is not inflexible. Feingold; Hitchings v. Pennsylvania State Ethics Commission, 563 A.2d 988 (Pa. Cmwlth. 1989). In determining whether a litigant will be excused from exhausting administrative remedies, courts must look to whether an adequate administrative remedy exists. County of Berks ex rel. Baldwin v. Pennsylvania Labor Relations Board, 544 Pa. 541, 678 A.2d 355 (1996). A litigant will be allowed to bypass seeking administrative relief before a state agency if that agency has no mandate to provide the requested remedies. Id.; Ohio Casualty Group; Feingold. In Borough of Green Tree v. Board of Property Assessments, 459 Pa. 268, 328 A.2d 819 (1974), our Supreme Court held that a court may exercise jurisdiction when the administrative remedy is inadequate and there is a "substantial constitutional question" raised which goes directly to the validity of the statute. A substantial constitutional challenge is "a challenge to the validity of the statute as a whole and not simply a challenge to the application of the statute to a particular party." Cherry v. City of Philadelphia, 547 Pa. 679, 692 A.2d 1082 (1997).
A party cannot avoid the requirement to exhaust administrative remedies merely by raising a constitutional challenge to the validity of a statute. Green Tree. The existence of a constitutional issue must be clear and the mere allegation of its presence is not sufficient to excuse the failure to exhaust administrative remedies. Matesic v. Maleski, 624 A.2d 776 (Pa. Cmwlth. 1993); St. Clair v. Pennsylvania Board of Probation and Parole, 493 A.2d 146 (Pa. Cmwlth. 1985). "The additional element required to confer equitable jurisdiction is either the absence of a statutorily-prescribed remedy or, if such a remedy exists, then a showing of inadequacy in the circumstances." Green Tree, 459 Pa. at 276, 328 A.2d at 823.
In Ohio Casualty Group and Feingold, 477 Pa. 1, 383 A.2d 791 (1977), litigants were permitted to bypass the agency in question because the agency had no mandate to provide the requested remedies. In Baldfield v. Cortes, 922 A.2d 36 (Pa. Cmwlth. 2007), plaintiffs were not required to continue seeking administrative relief where plaintiffs had attempted to seek agency review four times and had been denied the relief requested. However, a litigant may not circumvent the administrative process where the litigant can achieve full relief in front of the agency but the relief may be granted on bases different from those advocated by the litigant. County of Berks.
Here, the Church claims that the complaint did not aver any facts about the exhaustion of the administrative appeals process and that the inclusion of it in the City's preliminary objections amounted to a "speaking demurrer" and as such should not have been considered by the trial court. Preliminary objections can be granted on the basis of the failure to exhaust statutory remedies. Pa. R.C.P. No. 1028(a)(7). As such, we do not agree that the City's objection on this basis amounts to a "speaking demurrer." Even if it did, there is sufficient information in the amended complaint from which the trial court could conclude that the Church's claim should have been brought to the Board of Revision of Taxes or the Tax Review Board. In the amended complaint, the Church claimed entitlement to a real estate tax exemption, a reduced real estate tax assessment and a refund of the monies assessed against the Properties. Reproduced Record (R.R.) at 25-26, 28, 30-32. The specific relief prayed for in the amended complaint is within the powers of a Board of Revision of Taxes or the Tax Review Board to grant.[3] Given the availability of administrative remedies, the Church was required to allege inadequacy of this relief in the amended complaint. Such facts were not pled. We, therefore, conclude that the trial court properly sustained the preliminary objections.
The Church contends that the trial court erred and/or abused its discretion by dismissing the Church's complaint without granting leave to amend despite the reasonable possibility of successful amendment where the Church could have established both wrongful conduct on the part of the local agency for legal remedies and two grounds for the proper exercise of equitable discretion. We disagree. Rule 1033 of the Pennsylvania Rules of Civil Procedure provides:
A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.
The decision of whether to allow an amendment to a complaint is within discretion of trial court. Burger v. Borough of Ingram, 697 A.2d 1037 (Pa. Cmwlth. 1997); Crisamore v. City of York, 688 A.2d 1271 (Pa. Cmwlth. 1997). The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. Carlino v. Whitpain Investors, 499 Pa. 498, 453 A.2d 1385 (1982); Otto v. American Mutual Insurance Co., 482 Pa. 202, 205, 393 A.2d 450, 451 (1978). Where allowance of an amendment would, however, be a futile exercise, the complaint may properly be dismissed without allowance for amendment. Carlino; Nationwide Mutual Insurance Co. v. Barbera, 443 Pa. 93, 277 A.2d 821 (1971).
Here, by dismissing the amended complaint with prejudice, the trial court recognized that a second amendment to the complaint would be a futile endeavor due to the Church's response to the City's preliminary objections. In the Church's answer and memorandum of law, the Church did not deny that it had not exercised or exhausted available administrative remedies nor did it ask to amend its complaint to so state. R.R. at 49, 50. Rather, the Church asserted it did not have to exhaust any administrative remedies because it was seeking "declaratory relief" and challenging the constitutionality of the City's taxing scheme. R.R. at 50, 54, 55, 57.
Equitable or declaratory relief is not available when there is an adequate administrative remedy at law. Cornerstone Family Services, Inc. v. Bureau of Professional and Occupational Affairs, 802 A.2d 37 (Pa. Cmwlth. 2001), aff'd, 577 Pa. 136, 842 A.2d 918 (2004); Costanza v. Department of Environmental Resources, 606 A.2d 645 (Pa. Cmwlth. 1992). Two administrative avenues of relief were available before the Board of Revision of Taxes or the Tax Review Board. While inadequacy or unavailability of an administrative agency to provide the relief requested is an exception to the exhaustion remedy, the relief prayed for in the amended complaint was within the powers of a Board of Revision of Taxes or the Tax Review Board to grant. Yet the Church did not apply for relief with these agencies.
In its answer and memorandum of law, the Church contends that the administrative remedies are inadequate claiming bias and wrongful conduct on the part of the Board of Revision of Taxes.[4] Citing Banfield, the Church argues that an aggrieved party may bypass the administrative review process where it is shown that the administrative agency has engaged in wrongful conduct.
In Banfield, electors filed a petition seeking to compel the Secretary of the Commonwealth to decertify various electronic voting systems and to establish uniform testing criteria and re-examine the voting systems. The Secretary denied those requests despite the fact that the Secretary had a statutory duty to conduct the re-examinations. Banfield. This Court determined that because the electors found the administrative remedy inadequate on four separate occasions, the electors were not required to continue seeking such relief before filing the petition in this Court's original jurisdiction. Id.
The instant case is readily distinguishable from Banfield because the Church never sought relief from the administrative agencies. Rather, the Church presumes the futility in the administrative process due to the close working relationship of the Board and the City. A similar argument was considered and rejected in Lincoln Philadelphia Realty Associates v. Board of Revision of Taxes, 563 Pa. 189, 758 A.2d 1178 (2000). Therein, the taxpayers argued that the close working relationship between the City of Philadelphia and the Board of Revision of Taxes operated to deprive taxpayers of a fair hearing for their arguments. In other words, they argued that the proceedings before the Board were, in essence, rigged against them. This argument implicates taxpayers' right to procedural due process, an essential element of which is the right to be heard by a tribunal that is fair and impartial. Lincoln. The Supreme Court rejected this argument stating, "[i]f the Board were the factfinder of last resort, whose decision could be reversed only for an abuse of discretion, an error of law, or lack of substantial evidential support, Taxpayers' arguments might warrant closer scrutiny. Such is not the case, however, as an appeal from the Board's ruling is heard by the trial court de novo." Id. at 204, 758 A.2d at 1187.
While the exhaustion requirement has been excused when a "substantial constitutional question" has been presented, such an issue was not presented here. In fact, no constitutional claim was raised in the amended complaint. The constitutional issue postured in the Church's answer and memorandum of law focused on the "disparities in the assessment of demolition charges with respect to the two properties" (R.R. at 59) and was not a systemic challenge of the tax assessment laws. The trial court properly determined that such a challenge would not withstand the City's preliminary objections because the Church challenged the statute as applied to it, not as a whole. An as-applied constitutional challenge does not excuse a failure to exhaust administrative remedies. Cherry. We, therefore, conclude that the trial court did not err or abuse its discretion in denying leave to amend the complaint.
Accordingly, the order of the trial court is affirmed.

O R D E R
AND NOW, this 2nd day of July, 2009, the order of the Court of Common Pleas of Philadelphia, at Control No. 032502, dated May 6, 2008, is AFFIRMED.
NOTES
[1] The City filed preliminary objections to the original complaint, which were marked as moot upon the filing of the amended complaint.
[2] Our scope of review of a trial court order sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. Larry Pitt & Associates v. Long, 716 A.2d 695 (Pa. Cmwlth. 1998).
[3] The Board of Revision of Taxes hears and determines administrative appeals for exemption from real estate taxes and challenges to real estate tax assessments. Section 14 of the Act of June 27, 1939, P.L. 1199, as amended, 72 P.S. §5341.14. The Tax Review Board hears and determines petitions for review, petitions for refund and petitions for waiver of interest and penalties. Sections 19-1702, 19-1703, 19-1705 of the Philadelphia Code.
[4] The Church has asserted no claims of bias or wrongful conduct on the part of the Tax Review Board.