# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Joe Snow,            :
                                  :
             Petitioner      :
                                  :
          v.                 :    No. 550 M.D. 2014
                                  :
The Pennsylvania State Police of the     :    Argued: September 16, 2015
Commonwealth of Pennsylvania,        :
                                  :
            Respondent    :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[2]
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge[3]
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge[4]

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**[5]            **FILED: April 27, 2016**

Before this Court in our original jurisdiction are the Preliminary Objections

(POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to Billy

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[3] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[4] This case was argued before an *en banc* panel of the Court that included Judge Bernard L. McGinley, who retired on January 31, 2016. Judge Wojcik has replaced former Judge McGinley on the *en banc* panel and has considered the matter on review of the parties' briefs.

[5] This matter was reassigned to the authoring judge on December 8, 2015.

Joe Snow's (Petitioner) "Amended Petition for Review in the Nature of a Writ of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). At oral argument, Petitioner made an oral motion to stay the disposition of the POs so that he could provide the PSP with his sentencing orders, and the PSP could determine whether relief was appropriate based thereon. We granted said motion on January 14, 2016. Petitioner subsequently provided the PSP with documents related to his sentencing, and the PSP determined that no relief was appropriate. The matter is now ripe for our disposition.

On January 30, 2008, Petitioner pleaded guilty to Indecent Assault of Person Less Than 13 Years of Age,[6] Corruption of Minors,[7] and Criminal Solicitation to

---

[6] Section 3126(a)(7) of the Crimes Code, 18 Pa. C.S. § 3126(a)(7). This offense is defined as:

> [a] person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: . . . (7) the complainant is less than 13 years of age.

Id.

[7] Section 6301(a)(1) of the Crimes Code, 18 Pa. C.S. § 6301(a)(1). The offense is defined as:

> (1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or

*(Continued…)*

Commit Statutory Sexual Assault.[8]  (Petition for Review ¶ 3.)  As a result of his guilty plea, Petitioner was sentenced to "eleven and a half (11 1/2) to twenty-three months of confinement and seven (7) years of probation."  (Petition for Review ¶ 3.)  Petitioner alleges that he "was instructed and entered into a plea agreement" with the Commonwealth "pursuant to an understanding and agreement" that he was required to register only for ten years.  (Petition for Review ¶ 4.)  According to Petitioner's allegations, Petitioner's understanding that he was only required to register as a sexual offender for 10 years "was a consideration that Petitioner took into account in accepting a negotiated plea and which he relied upon."  (Petition for Review ¶ 5.)  Further, Petitioner alleges that his required guilty plea colloquy and Sentencing Order "listed Petitioner as qualifying for a ten (10) year registration only."  (Petition for Review ¶¶ 7-8.)

---

encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

Id.

[8] Section 902(a) of the Crimes Code, 18 Pa. C. S. § 902(a).  Pursuant to Section 902(a) of the Crimes Code:

A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

Id.

On December 3, 2012, the PSP notified Petitioner that pursuant to the enactment of the Sexual Offender Registration and Notification Act (SORNA),[9] Petitioner was now required to register four times a year for the rest of his life and that his registration information will be placed on the PSP's website for his lifetime. (Petition for Review ¶ 11.) Petitioner alleges that this increase in his registration period violates the Ex Post Facto and Contract Clauses of the United States and Pennsylvania Constitutions and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. (Petition for Review ¶¶ 12-13, 16-20.) Further, Petitioner alleges that SORNA is an ex post facto law as applied to him because one of the crimes to which he pleaded guilty, Section 6301(a)(1) of the Crimes Code, 18 Pa. C.S. § 6301(a)(1), did not carry registration requirements under the law in effect at the time of his negotiated plea agreement. (Petition for Review ¶

---

[9] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act. SORNA is the General Assembly's fourth enactment of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

4

21.) Finally, Petitioner alleges that his offenses were part of a single criminal episode and, pursuant to this Court's decision in A.S. v. Pennsylvania State Police, 87 A.3d 914, 923 (Pa. Cmwlth. 2014), he should be required to register for 10 years instead of his lifetime. (Petition for Review ¶¶ 14-15.) Petitioner seeks specific performance of his plea agreement with the Commonwealth and an order declaring that: (1) he is not required to register beyond 10 years as his crimes were part of a single criminal episode; and (2) the increased registration and notification requirements imposed upon him by SORNA are, for the above-stated reasons, unconstitutional. (Petition for Review ¶¶ 22-24, Wherefore Clause.)

The PSP demurs to the Petition for Review through six POs. The PSP first alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner, and Petitioner was properly classified as a Tier III offender, carrying a lifetime registration requirement. (POs ¶¶ 28-33.) Second, the PSP alleges that mandamus will not lie against the PSP because the statute of limitations has run for these types of actions and that the PSP lacks the duty or authority to change Petitioner's registration requirements. (POs ¶¶ 35-45.) Third, the PSP demurs to Petitioner's claim that he is improperly classified as a lifetime offender because his crimes were part of a single criminal episode. The PSP alleges that Petitioner is classified as a Tier III offender as a result of his conviction for Indecent Assault of Person Less Than 13 Years of Age, 18 Pa. C.S. § 3126(a)(7), pursuant to Section 9799.14(d)(8) of SORNA, 42 Pa. C.S. § 9799.14(d)(8), and not because he was convicted of two or more offenses requiring registration. (Petition for Review ¶¶ 47-53.) Fourth, the PSP alleges that SORNA poses no ex post facto concerns and cites to our recent opinion in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth.

2014), aff'd, 125 A.3d 119 (Pa. 2015), and the Superior Court's decision in Commonwealth v. Perez, 97 A.3d 747 (Pa. Super. 2014), as binding authority to that end. (POs ¶ 55.) Moreover, the PSP alleges that previous versions of Megan's Law were similarly upheld as non-punitive by the Pennsylvania Supreme Court. See Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003) (addressing Megan's Law II); Commonwealth v. Gaffney, 733 A.2d 616, 621 (Pa. 1999) (addressing Megan's Law I). (POs ¶ 56.) Fifth, the PSP objects to Petitioner's due process allegations on the grounds that Petitioner has failed to allege any interest that is protected under the Due Process Clauses of either the United States or Pennsylvania Constitutions. (POs ¶¶ 58-59.) Relatedly, the PSP alleges that Petitioner has failed to state a claim that his due process rights were violated because "'whether the additional sanctions imposed under Megan's Law II are punitive in nature is the threshold due process inquiry.'" (POs ¶ 60 (quoting Gomer Williams, 832 A.2d at 970 n.13).) Because this Court and the Superior Court, in Coppolino and Perez, respectively, held that SORNA's requirements are not punitive, Petitioner's due process challenge also fails. (POs ¶ 61.) Finally, the PSP demurs to Petitioner's contract-related claims by alleging that: (1) the PSP is not liable for breach of contract because the PSP is not a party to the plea agreement between Petitioner and the Commonwealth; and (2) assuming that the PSP is a party to the plea agreement, a claim against the PSP is barred by sovereign immunity. (POs ¶¶ 63-70.) For the reasons that follow, we sustain the POs in part, and overrule the POs in part.

We shall first address the PSP's objections based upon Petitioner seeking the requested relief in a mandamus action and then proceed to those challenging the

6

legal sufficiency of Petitioner's constitutional and contract claims. In assessing the legal sufficiency of a petition for review, "the Court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom." Rodgers v. Pennsylvania Department of Corrections, 659 A.2d 63, 65 (Pa. Cmwlth. 1995). A demurrer must only be sustained "where it appears, with certainty, that the law permits no recovery under the allegations pleaded." Id.

## I. Mandamus and Statute of Limitations

The PSP's objection is premised on its understanding that Petitioner is seeking relief in a mandamus action based on the title of his pleading. The PSP, citing this Court's decision in Curley v. Smeal (Curley I), 41 A.3d 916, 919 (Pa. Cmwlth. 2012), aff'd but criticized sub nom., Curley v. Wetzel (Curley II), 82 A.3d 418 (Pa. 2013),[10] alleges that actions in mandamus have a six-month statute of limitations, which had expired long before Petitioner filed his Petition for Review in October 2014. The PSP also alleges, in the alternative, that Petitioner's claims lack merit because mandamus is only applicable to situations where the petitioner has a clear legal right to the performance of a mandatory ministerial duty, and the PSP has no such duty here to provide the relief requested by Petitioner.

---

[10] This Court recently overruled Curley I in Morgalo v. Gorniak et al., ___A.3d___ , ___ (Pa. Cmwlth., No. 489 M.D. 2013, filed March 8, 2016) (*en banc*), slip op. at 8.

7

We addressed these precise issues at length in Taylor v. The Pennsylvania State Police, 132 A.3d 590, 598-600 (Pa. Cmwlth. 2016) (*en banc*)[11] where we overruled the PSP's objection to a petition self-labeled a "Petition for Review in the Nature of a Writ of Mandamus" because the petitioner's claims sounded in declaratory and injunctive relief and that while "[i]t would have been preferable for Petitioner to have titled his Petition for Review correctly," the Rules of Appellate Procedure should be liberally construed so that form is not exalted over substance.

Petitioner here requests this Court to order specific enforcement of the terms of his plea agreement and to conclude that: (1) the application of SORNA upon him is unconstitutional as it impairs the Commonwealth's obligations in its contract with Petitioner in violation of the Contract Clauses of the United States and Pennsylvania Constitutions; (2) the retroactive application of SORNA's requirements upon him violates the Due Process Clauses of the United States and Pennsylvania Constitutions; (3) by changing, expanding, and extending Petitioner's registration and reporting requirements, SORNA retroactively imposes a form of punishment upon him in violation of the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions; and (4) Petitioner should be removed from the PSP sexual offender registry after 10 years because his crimes were part of a single criminal episode. (Petition for Review ¶¶ 13-21.) Like the petition for review in Taylor, these requests sound in declaratory and injunctive

---

[11] The instant case was argued with Taylor, Dougherty v. Pennsylvania State Police, ___A.3d___ (Pa. Cmwlth., No. 537 M.D. 2014, filed April 27, 2016) (*en banc*), and five other cases.

8

relief, asserting contractual and constitutional claims against a Commonwealth agency. Thus, pursuant to <u>Taylor</u>, we shall overrule the PSP's POs in this regard.

**II. Crimes Not Previously Requiring Registration/Single Criminal Episode**

Petitioner alleges that the application of SORNA's increased registration requirements upon him violates the ex post facto clauses of the United States and Pennsylvania Constitutions, in part, because one of the three crimes to which he pleaded guilty, Section 6301(a)(1) of the Crimes Code, 18 Pa. C.S. § 6301(a)(1), did not require registration under the law in effect at the time of his conviction. (Petition for Review ¶ 21.) Petitioner alleges that the increase of his registration period from 10 years to his entire lifetime was a result of this crime being recategorized as an offense that carries a registration requirement. (Petition for Review ¶ 21.)

Petitioner pleaded guilty to three offenses: violating Sections 3126(a)(7), 6301(a)(1), and 902(a) of the Crimes Code, 18 Pa. C.S. §§ 3126(a)(7), 6301(a)(1), 902(a). (Petition for Review ¶ 3.) The Act commonly referred to as Megan's Law III[12] was in effect at the time of his convictions. Petitioner's convictions for violating Sections 6301(a)(1) and 902(a) of the Crimes Code were not crimes for which registration was required under Megan's Law III. However, under Section 9795.1(a)(1) of Megan's Law III, a conviction for violating any of the subsections of Section 3126 of the Crimes Code required Petitioner to register as a sexual offender with the PSP for 10 years. 42 Pa. C.S. § 9795.1(a)(1) (expired December 20, 2012, pursuant to Section 9799.41 of SORNA, 42 Pa. C.S. § 9799.41).

---

[12] The Act of November 24, 2004, P.L. 1243 §§ 7-13, 15-18.

SORNA classifies a violation of Section 3126(a)(7) of the Crimes Codes as a Tier III offense carrying a lifetime registration requirement. Sections 9799.14(d)(8) and 9799.15(a)(3) of SORNA, 42 Pa. C.S. §§ 9799.14(d)(8), 9799.15(a)(3). Violations of Sections 6301(a)(1) of the Crimes Code, if the offense is graded as a misdemeanor, and Section 902(a) of the Crimes Code are not classified under SORNA and do not carry registration requirements.[13] 42 Pa. C.S. § 9799.14.

Under SORNA, Petitioner is subject to lifetime registration as a result of his conviction for violating Section 3126(a)(7) of the Crimes Code regardless of Petitioner's other two convictions. Furthermore, even if SORNA added registration periods for crimes previously not classified, the retroactive imposition of registration requirements upon a sexual offender does not run afoul of the Ex Post Facto Clauses of either the United States or Pennsylvania Constitutions. See Smith v. Doe, 538 U.S. 84, 105 (2003) (addressing the application of Alaska's registration requirements upon appellants convicted of sexual offenses years prior to the law's enactment and concluded that the retroactive nature of the law does not violate the Ex Post Facto Clause of the United States Constitution); Gaffney, 733 A.2d at 622 (addressing the application of Megan's Law I upon an appellant who committed sexually violent offenses prior to the enactment of the law and concluding that the retroactive registration of sexual offenders under the law does not violate the Ex Post Facto Clause of the Pennsylvania Constitution).

---

[13] SORNA lists a violation of Section 6301(a)(1)(ii) of the Crimes Code, which is the felony grade of this offense, as a Tier I offense that carries a 10 year registration requirement. 42 Pa. C.S. § 9799.14(b)(8). It is not clear based on the allegations whether Petitioner pleaded guilty to the felony or misdemeanor variety of this crime.

Relatedly, Petitioner alleges that he should be subject to a lesser sanction because his offenses were part of a single criminal episode pursuant to this Court's decision in A.S. In A.S., the petitioner pled guilty to single counts of violating Sections 6312(b), 6318(a)(5) and 6301 of the Crimes Code, 18 Pa. C.S. §§ 6312(b), 6318(a)(5), 6301. A.S., 87 A.3d at 917. When released from incarceration, A.S. registered for 10 years. Upon expiration of that period, the PSP refused to remove A.S. from the registry claiming that because A.S. pled guilty to multiple crimes subject to a 10-year registration, he was required to register for life pursuant to Megan's Law III. Id. Section 9795.1(b)(1) of Megan's Law III provided that individuals convicted of two or more convictions of any of the offenses listed under the 10-year registration requirement are subject to lifetime registration. 42 Pa. C.S. § 9795.1(b)(1) (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41).

We granted A.S. summary relief and held that "a defendant convicted of two or more subsection (a) offenses is subject to the lesser sanction of the ten-year registration requirement so long as it is clear that the offenses were part of the same course of criminal conduct." A.S., 87 A.3d at 921 (internal quotations omitted). Because it was "clear and free from doubt that the conduct here was a result of a single criminal episode to which A.S. pled guilty, that it was all part of one logically related act making it one conviction for the purpose of the former Section 9795.1." A.S., 87 A.3d at 922 (internal quotations and footnotes omitted).

Upon review, we conclude that A.S. is inapplicable to the instant matter. Even if Petitioner's criminal acts were part of a single criminal episode, his

11

conviction for violating Section 3126(a)(7) of the Crimes Code by itself warrants a Tier III classification under SORNA. 42 Pa. C.S. § 9799.14(d)(8). Petitioner's two other convictions are not relevant to his classification. Accordingly, the PSP's POs to Petitioner's allegations that his lifetime registration requirement was a result of an ex post facto application of the registration requirements associated with his convictions for violating Sections 6301(a)(1),and 902(a) of the Crimes Code and that his lifetime registration requirement should be reduced to 10 years because his crimes were part of a single criminal episode are sustained.

### III. Remaining Issues

Petitioner's remaining allegations that: (1) the increase in his registration period violates his rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of Pennsylvania Constitution; (2) the retroactive imposition of SORNA's registration and notification requirements upon him violates the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions; and (3) the terms of his plea agreement have been breached by the imposition of SORNA upon him in violation of common law contract law and the Contract Clauses of the United States and Pennsylvania Constitutions were thoroughly addressed in our opinions in Taylor and Dougherty v. The Pennsylvania State Police, ___A.3d___ (Pa. Cmwlth., No. 537 M.D. 2014, filed April 27, 2016) (*en banc*). These cases were argued together with the instant matter and addressed nearly identical allegations, objections, and factual predicates. We adopt the relevant rationales set forth therein to resolve the remaining POs as follows: (1) the PSP's PO in the nature of a demurrer alleging that Petitioner failed to state a claim because Petitioner is properly classified under SORNA is overruled, Taylor, 590 A.3d at 595 n.6; (2) the PSP's PO in the nature

12

of a demurrer to Petitioner's due process challenge under the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution is sustained because Petitioner did not allege that the PSP abridged any right that is protected by due process, Dougherty, __ A.3d at __, slip op. at 11;[14] (3) the PSP's PO in the nature of a demurrer to Petitioner's request for specific enforcement of his plea agreement is sustained, id., at __, slip op. at 13-14; (4) the PSP's PO in the nature of a demurrer to Petitioner's challenge to SORNA under the Contract Clauses of the United States and Pennsylvania Constitutions is sustained, id.; (5) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim challenging SORNA's *internet notification provision* under the Ex Post Facto Clause of the Pennsylvania Constitution is overruled, Taylor 590 A.3d at 601-04; (6) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim challenging SORNA's *registration requirements* under the Ex Post Facto Clause of the Pennsylvania Constitution is sustained, id. at 601; and (7) the PSP's PO in the nature of a demurrer alleging that Petitioner has not stated a claim under the Ex Post Facto Clause of the United States Constitution is sustained, id. at 601-02.

_____
**RENÉE COHN JUBELIRER, Judge**

---

[14] However, pursuant to Taylor, we do not accept the PSP's allegation that Petitioner cannot assert a due process challenge to SORNA unless the alleged infringement upon Petitioner's rights is punitive in nature. See Taylor, 590 A.3d at 608.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Joe Snow,            :
           :
           Petitioner       :
           :
           v.           :    No. 550 M.D. 2014
           :
The Pennsylvania State Police of the      :
Commonwealth of Pennsylvania,         :
           :
           Respondent    :

## O R D E R

**NOW**, April 27, 2016, the Pennsylvania State Police's (PSP) Preliminary Objections to the Amended Petition for Review in the above-captioned matter are **OVERRULED**, in part, and **SUSTAINED**, in part, as follows:

(1) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that Billy Joe Snow (Petitioner) was properly classified under the Sexual Offender Registration and Notification Act (SORNA) is **OVERRULED**;

(2) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that the claims asserted are barred by the applicable statute of limitations is **OVERRULED**;

(3) The PSP's preliminary objection in the nature of a demurrer to the Amended Petition for Review alleging that mandamus will not lie against the PSP is **OVERRULED**;

(4) The PSP's preliminary objection in the nature of a demurrer to Petitioner's ex post facto challenge to SORNA's internet notification provision, 42 Pa. C.S. § 9799.28(a), under the Pennsylvania Constitution as set forth in the Amended Petition for Review is **OVERRULED**;

(5) The PSP's preliminary objections are **SUSTAINED** with regard to the remaining claims set forth in the Amended Petition for Review;

(6) Petitioner's claims that he is entitled to specific enforcement of his plea agreement pursuant to contract law and that the application of SORNA upon him violates the Contract Clauses of the United States and the Pennsylvania Constitutions are **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file an action asserting such claims in the appropriate court of common pleas;

(7) Petitioner's remaining claims are **DISMISSED WITH PREJUDICE**; and

(8) The PSP shall file an Answer to Petitioner's claims, set forth in Petitioner's Amended Petition for Review, that SORNA's internet

notification provision, 42 Pa. C.S. § 9799.28(a), violates the Ex Post Facto Clause of the Pennsylvania Constitution within thirty (30) days of the date of this Order.

_____

**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Joe Snow, :
                Petitioner :
                 :
        v. : No. 550 M.D. 2014
                 : Argued:  September 16, 2015
The Pennsylvania State Police of the :
Commonwealth of Pennsylvania, :
                Respondent :


BEFORE:     **HONORABLE DAN PELLEGRINI,** President Judge
                **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE MARY HANNAH LEAVITT,** Judge
                **HONORABLE P. KEVIN BROBSON,** Judge
                **HONORABLE ANNE E. COVEY,** Judge
                **HONORABLE MICHAEL H. WOJCIK,** Judge


**OPINION NOT REPORTED**

**CONCURRING AND DISSENTING**
**OPINION BY JUDGE LEADBETTER**         **FILED:  April 27, 2016**

       I must respectfully dissent, in part, because I do not believe that the internet notice provision of SORNA implicates the ex post facto clause.  Rather, I would follow the reasoning of our sister court in *Commonwealth v. Ackley,* 58 A.3d 1284, 1286-87 (Pa. Super. 2012) (citing *Commonwealth v. Williams,* 832 A.2d 962 (Pa. 2003)).  Accordingly, I would sustain that preliminary objection.  Otherwise, I concur in the results reached by the majority.


                                      _____
                                      **BONNIE BRIGANCE LEADBETTER,**
                                      Judge